Thomas R. Kreller (CA 161922)
TKreller@milbank.com
Linda Dakin-Grimm (CA 119630)
LDakin-grimm@milbank.com
Andrew B. Lichtenberg (*pro hac vice*)
ALichtenberg@milbank.com
2029 Century Park East, 33rd Fl.
Los Angeles, California 90067
Telephone: (424) 386-4000
FAX: (213) 892-4704

Andrea Ramos (CA 162531)
aramos@swlaw.edu
Clinical Professor of Law
Director of Immigration Law Clinic
Southwestern Law School
3050 Wilshire Boulevard
Los Angeles, CA 90010
Telephone: (213) 738-7922
Facsimile: (213) 738-5751

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| A.O., A.S.R., L.C., R.M., and I.Z.M.,<br>On behalf of themselves and all others similarly situated,<br><br>                Plaintiffs,<br><br>  v.<br><br>KENNETH T. CUCCINELLI, Acting Director, U.S. Citizenship and Immigration Services, KEVIN K. McALEENAN, Acting Secretary, U.S. Department of Homeland Security, ROBERT COWAN, Director, National Benefits Center, U.S. Citizenship and Immigration Services, UNITED STATES DEPARTMENT OF HOMELAND SECURITY, and UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,<br><br>                Defendants. | Case No. 19-CV-06151 SVK<br><br>**STIPULATION RE PROTECTIVE ORDER AND MOTION TO PROCEED ANONYMOUSLY; [**PROPOSED**] ORDER**<br><br>HON. SUSAN VAN KEULEN |

1   Plaintiffs and Defendants (by and through their counsel) stipulate to entry of the attached

2   [proposed] Protective Order governing the anticipated sharing of confidential information in this matter,

3   including Plaintiffs' names and alien registration numbers ("A numbers").

4   WHEREAS, on October 4, 2019, Plaintiffs filed a Notice of Motion and Motion for Leave to

5   Proceed Anonymously, seeking leave of this Court to proceed anonymously in this litigation, using only

6   their initials rather than their full names (*see* ECF 11);

7   WHEREAS, on December 3, 2019, Defendants filed a Conditional Non-Opposition to Plaintiffs'

8   Motion for Leave to Proceed Anonymously stating that Defendants do not oppose an order permitting

9   Plaintiffs to remain anonymous in public filings and hearings in this matter if Plaintiffs disclose their

10  identities to Defendants pursuant to a protective order entered by the Court (*see* ECF 30);

11  WHEREAS, the time for Plaintiffs to file a reply in further support of their Motion for Leave to

12  Proceed Anonymously expires on December 20, 2019 (*see* ECF 29);

13  WHEREAS, the parties have conferred and agree that entry of the attached [proposed] Protective

14  Order, which is substantially similar to the protective order entered by the Court in *J.L., et al v. Cissna*,

15  18-CV-4914-NC (N.D. Cal) (Cousins, M.J.), ECF 66, would sufficiently resolve Plaintiffs' concerns

16  regarding protection of their identities as set forth in the Motion for Leave to Proceed Anonymously

17  while preserving Defendants' ability to investigate and defend against the allegations against them in

18  this matter, and would provide appropriate protection for other confidential information that may be

19  produced in this litigation;

20  NOW, THEREFORE, the parties hereby stipulate and agree:

21  (1) to the terms of the attached [proposed] Protective Order, and respectfully request that the

22      Court so-order its entry; and

23  (2) that upon the so-ordering of the attached [proposed] Protective Order, if such so-ordering

24      occurs within the time for filing and serving a reply in further support of the Motion to

25      Proceed Anonymously, Plaintiffs will promptly file and serve a Notice of Withdrawal of the

26      Motion to Proceed Anonymously in accordance with Local Rule 7-7(e).

27  IT IS SO STIPULATED.

28

|   |   |   |
|---|---|---|
| 1 |  | Respectfully submitted, |
| 2 | Dated: December 13, 2019 | MILBANK LLP |
| 3 |  | */s/ Andrew B. Lichtenberg*[1] |
| 4 |  | ANDREW B. LICHTENBERG<br>Attorneys for Plaintiffs |
| 5 |  |  |
| 6 | Dated: December 13, 2019 |  |
| 7 |  | DAVID L. ANDERSON<br>United States Attorney |
| 8 |  | */s/ James A. Scharf* |
| 9 |  | JAMES A. SCHARF |
| 10 |  | Assistant United States Attorney<br>Attorneys for Defendants |

---

[1] I, Andrew B. Lichtenberg, hereby attest that I have been authorized to submit the electronic signatures indicated by a "conformed" signature (/s/) within this e-filed document.

# [~~PROPOSED~~] PROTECTIVE ORDER

Plaintiffs A.O., A.S.R., L.C., R.M., and I.Z.M. (collectively "Plaintiffs") anticipate the production of documents containing identifying information of Plaintiffs and relating to third parties not participating in this lawsuit. This identifying information is contained within various agency records and databases, including individual alien files, some of which are in the possession, custody, and control of the Defendants and Defendants' counsel. To adequately and reasonably protect and preserve the confidentiality of such information; to expedite the flow of information between the parties; and to serve the ends of justice, a protective order for such confidential information is justified. This Protective Order does not confer blanket protection on all information produced by the parties in the litigation; the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal. Moreover, Plaintiffs' identifying information, including their names and/or alien registration numbers ("A numbers") shall be subject to the terms of this Order, and the Parties will, in all public documents or Court filings or discussions in open Court, reference Plaintiffs by their initials.

**1.    DEFINITIONS**

(a)    Person(s):  any natural person.

(b)    Party:  Plaintiffs or Defendants, including their agents, employees, representatives, consultants, retained experts, and counsel (including the paralegal, clerical, and secretarial staff employed by such counsel).

(c)    Confidential Information:  Any identifying information that is not publicly available and qualifies for protection under applicable law, statutes or regulations, including, but not limited to:  (1) the names, addresses, and A number of the particular individual(s) to whom information relates and any other personally identifiable information identified in Federal Rule of Civil Procedure 5.2; (2) any personally identifiable information related to third parties other than the individual whose information is being sought.

(d)    Protected Information:  any information designated as "CONFIDENTIAL."

(e)    Receiving Party:  a Party that receives Identifying Information from a Designating Party in this Action that is designated as "CONFIDENTIAL."

(f)    Designating Party:  a Party that designates Identifying Information as "CONFIDENTIAL."

**2.    CONFIDENTIAL DESIGNATIONS**

(a)    Confidential Information produced by any Party may be designated as "CONFIDENTIAL" under the terms of this Order.  By designating a document, material, or other information as "CONFIDENTIAL" under the terms of this Order, the Designating Party is certifying to the Court that it has a good faith basis, both in law and in fact, for the designation.  Nothing in this Order shall prevent or in any way limit disclosure, use or dissemination of any documents or information that are or is in the public domain.

(b)    Confidential Information shall be designated as such in the following manner: "CONFIDENTIAL:  SUBJECT TO PROTECTIVE ORDER" or by otherwise marking the thing with such label.

**3.    USE OF CONFIDENTIAL INFORMATION**

The Parties may use Confidential Information that is disclosed in connection with this case (subject to applicable rules of evidence and subject to the confidentiality of such information being maintained) only for purposes of litigating this case, including any appeal(s) therefrom, and Confidential Information shall not be used, made available, or disclosed for any other purpose, including (without limitation) any other litigation, judicial, or administrative proceeding, dispute, or case.  Defendants may not use Confidential Information for the purpose of initiating removal proceedings or executing removal orders.

Confidential Information may be disclosed only to the categories of persons and under the conditions described in this Protective Order.  Confidential Information must be stored and maintained by the Parties at a location and in a secure manner that ensures that access is limited to the persons authorized under this Protective Order.

### 4. DISCLOSURE OF CONFIDENTIAL INFORMATION

(a) Except with prior stipulation of Plaintiffs' and Defendants' counsel, or upon prior order of the Court, Confidential Information shall not be disclosed to any Person other than:

    (i) Counsel for the Parties and any support staff of such counsel assisting in this action;

    (ii) the Court and its personnel; and

    (iii) Professional staff assisting counsel of record in connection with this action.

(b) Any Person receiving Protected Information shall not reveal, disclose, or discuss such information to or with any Person who is not entitled under this Order to receive such information, except as set forth herein.

(c) Except for Persons identified in Paragraphs 4(a)(i)-(iii), each Person who is authorized by this Order to have access to Protected Information shall, prior to being given such access, be provided a copy of this Order and shall sign the Agreement set forth in Exhibit A. Each signed Agreement must be retained by counsel for the Party that disclosed the Protected Information for the duration of this action (and shared with Defendants' or Plaintiffs' counsel upon request) including the final determination of any appeal (or, where no appeal is taken, expiration of the period for bringing an appeal) of the action.

### 5. INADVERTENT DISCLOSURE OF CONFIDENTIAL INFORMATION AND PROTECTED INFORMATION

(a) If any Confidential Information is inadvertently produced or provided without being marked as "CONFIDENTIAL" in accordance with this Order, such production, in and of itself, shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of confidentiality to which the Producing Party otherwise would be entitled. The Producing Party shall promptly notify all other Parties in writing of its inadvertent production of the undesignated Confidential Information, and upon receipt of such notice, all Parties shall thereafter treat the Confidential Information identified in the written notification as "CONFIDENTIAL" in accordance with the terms of this Order. The Receiving Party may object to the belated designation by notifying the Producing Party of its objection and filing a motion with the Court to "un-designate" the belatedly designated documents or information, in

accordance with the provisions of Paragraph 10 below. If no such objection is made, all Parties shall continue to treat the Confidential Information identified in the written notification as "CONFIDENTIAL" pursuant to this Order.

(b) If a Party inadvertently discloses Confidential Information and/or Protected Information to Persons other than those listed in Paragraph 4 above, such disclosure shall promptly be reported in writing to all Parties, including the Producing Party and Designating Party. Such report shall include the name and contact information of each Person to whom the disclosure was improperly made, the circumstances surrounding the improper disclosure, and the specific Protected Information that was improperly disclosed. Upon discovery of such inadvertent disclosure, counsel for the Party who improperly disclosed the Protected Information shall promptly make all reasonable efforts to retrieve such Protected Information, including any documents containing such information. The Party who improperly disclosed the Protected Information also shall use all reasonable efforts to bind the Person to whom the disclosure was improperly made to the terms of this Order, by (i) promptly informing the Person to whom the disclosure was improperly made of all the provisions of this Order by at least providing them a copy of this Order; and (ii) requesting the Person to whom the disclosure was improperly made to sign the Agreement. The Party who improperly disclosed the Protected Information shall advise in writing all other Parties, including the Producing Party and the Designating Party, of the results of its efforts.

**6. INADVERTENT DISCLOSURE OF PRIVILEGED MATERIAL**

If any Confidential Information that is subject to a claim of attorney-client privilege or any other applicable privilege or protection, and/or that is entitled to work product protection (collectively "Privileged Material") is inadvertently produced, the Producing Party shall promptly notify the Receiving Party in writing of its inadvertent production of the Privileged Material. Upon receipt of such notice, the Receiving Party shall thereafter promptly return the privileged or protected material to the Producing Party; the Producing Party shall promptly list the inadvertently produced information and/or document(s) on a privilege log, including all information necessary to permit the Receiving Party to challenge the belated privilege/work product designation.

## 7. NO WAIVER

Nothing contained herein shall prejudice the right of any Party to object to the production of any document or part thereof upon any appropriate ground, including any applicable privilege, and nothing herein shall be construed as a waiver of such right.

## 8. PARTIES' OWN INFORMATION

Nothing contained herein is intended to or shall limit the ability of a Producing Party to use or disclose its own information or documents, including information or documents it has designated as "CONFIDENTIAL."

## 9. DISCLOSURES BEYOND PROTECTIVE ORDER

Nothing contained herein shall prevent disclosure of Protected Information to Persons who are not listed in Paragraph 4 above under the terms of this Order (i) if Plaintiffs' and Defendants' counsel stipulate to such disclosure in writing; or (ii) if the Court, after notice to all Parties, including the Producing Party and Designating Party, orders such disclosures.

## 10. RELIEF FROM PROTECTIVE ORDER

(a)  The fact that a document or any information has been designated as "CONFIDENTIAL" in this action shall not control whether it is, in fact, ultimately deemed by the Court to be confidential.

(b)  Any Party may, on notice to all affected Parties, apply to the Court for an order (i) modifying this Order in any way; (ii) relieving the Party from any restriction contained herein; (iii) removing any "CONFIDENTIAL" designation made by another Party; or (iv) seeking greater protection for documents or information than is provided for in this Order. In the event a "CONFIDENTIAL" designation is so challenged, the Designating Party shall bear the burden of establishing that the designation is proper. Any document or information whose designation is challenged shall continue to be treated as "CONFIDENTIAL" pursuant to this Order until and unless the Court enters an order to the contrary. The Parties may amend or modify any provision of this Order by mutual agreement; any such agreement shall be embodied in a written stipulation and shall be submitted to the Court for approval. Any such modification or amendment shall not become effective until approved by the Court.

## 11. USE OF CONFIDENTIAL INFORMATION IN COURT PROCEEDINGS

(a) Where a Party files (or seeks to file) a document with the Court that contains Confidential Information, the Party shall comply with the procedures and requirements of the Local Rules of this Court and shall properly redact any Confidential Information contained in that document. Where redaction is not feasible because the Confidential Information is relevant or essential to the paper(s) being filed with the Court, the Party must conspicuously label the document, or protected part thereof, as "CONFIDENTIAL" and submit such document, or protected part thereof, to the Court with a request that it be filed under seal, in accordance with the procedures set out in the local rules or other applicable rules of this Court.

(b) In the event Confidential Information is used in any court proceeding in this action, it shall not lose its protected status through such use, and the Party using the information shall take all reasonable steps to protect its confidentiality during such use.

## 12. FINAL DISPOSITION

Upon termination of this Action (including the conclusion of any appeal taken from this action, or in the event an appeal is not taken, upon expiration of all periods for the filing of a notice of appeal), a Party in possession of Protected Material shall, at its election, either: (i) return such Protected Material to counsel for the Party who designated such material within ninety (90) days from the date of the final disposition; or (ii) destroy such Protected Material and certify in writing the destruction thereof within ninety (90) days from the date of the final disposition.

Counsel is entitled to retain one set of archival copies of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such material contains Confidential Information, notwithstanding the information shall remain subject to this Order.

## 13. SURVIVAL

All provisions of this Order will survive the termination of this action and will continue to be binding upon the Parties and their counsel, unless subsequently modified by agreement among the Parties and/or by further order of this Court. Further, this Court will retain jurisdiction over all persons

subject to this Order to the extent necessary to enforce any obligation arising hereunder or to impose sanctions for any contempt thereof.

PURSUANT TO THE STIPULATION, IT IS SO ORDERED.

Dated: December 13, 2019

*Susan van Keulen*

SUSAN VAN KEULEN
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.O., A.S.R., L.C., R.M., and I.Z.M., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>KENNETH T. CUCCINELLI, Acting Director, U.S. Citizenship and Immigration Services, KEVIN K. MCALEENAN, Acting Secretary, U.S. Department of Homeland Security, ROBERT COWAN, Director, National Benefits Center, U.S. Citizenship and Immigration Services, UNITED STATES DEPARTMENT OF HOMELAND SECURITY, and UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES.<br><br>Defendants. | Case No. 5:19-cv-06151-SVK |

# STIPULATION EXHIBIT A
# ACKNOWLEDGEMENT AND AGREEMENT CONCERNING PROTECTED INFORMATION

My name is _____ (first, middle initial, last).

I am employed as a/an _____ by _____ (company), which is located at _____ (street address), _____ (city), _____ (state) _____ (zip code). Its telephone number is _____.

I have read the attached Protective Order entered in the action of *A.O.., ET AL. V. CUCCINELLI ET AL.,* pending in the Northern District of California and bearing No. 5:19-cv-06151, and a copy of the Protective Order has been given to me.

I agree to be bound by the terms of the Protective Order, and agree that Confidential Information, within the meaning of the Protective Order, will be used by me only to assist counsel in connection with above-referenced litigation or as otherwise authorized by the Protective Order.

EXHIBIT A TO [~~PROPOSED~~] PROTECTIVE ORDER
CASE NO. 19-CV-06151 SVK                 1

1    I agree that I will not disclose or discuss Confidential Information or other Protected Information
2    so designated with anyone other than the persons described in Paragraph 4 of the Protective Order.
3    I understand that any disclosure or use of Confidential Information in any manner contrary to the
4    provisions of the Protective Order may subject me to sanctions for contempt of the Court's Order.
5    I agree to be subject *in personam* to the jurisdiction of the Northern District of California in
6    connection with any proceeding in relation to the enforcement of the Stipulated Protective Order.
7    I declare under penalty of perjury that the foregoing is true and correct.

_____          _____
Date                                      Signature