Thomas R. Kreller (CA 161922)
TKreller@milbank.com
Linda Dakin-Grimm (CA 119630)
LDakin-grimm@milbank.com
Andrew B. Lichtenberg (*pro hac vice*)
ALichtenberg@milbank.com
Katherine Kelly Fell (*pro hac vice*)
KFell@milbank.com
MILBANK LLP
2029 Century Park East, 33rd Fl.
Los Angeles, CA 90067
Telephone:    424-386-4000
Facsimile:    213-892-4704

Andrea Ramos (CA 162531)
aramos@swlaw.edu
Clinical Professor of Law
Director of Immigration Law Clinic
Southwestern Law School
3050 Wilshire Boulevard
Los Angeles, CA 90010
Telephone:    213 738-7922
Facsimile:    213 738-5751
*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.O., A.S.R, L.C., R.M., and I.Z.M., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>KENNETH T. CUCCINELLI, Acting Director, U.S. Citizenship and Immigration Services, KEVIN K. MCALEENAN, Acting Secretary, U.S. Department of Homeland Security, ROBERT COWAN, Director, National Benefits Center, U.S. Citizenship and Immigration Services, UNITED STATES DEPARTMENT OF HOMELAND SECURITY, and UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES.<br><br>Defendants. | Case No. 5:19-CV-06151-SVK<br><br>**PLAINTIFFS' SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION**<br><br>Date: TBD<br>Time: TBD<br>Ctrm: 6<br><br>Action Filed: September 27, 2019 |

## I. INTRODUCTION

Defendants concede that it was wrong to deny Plaintiffs' SIJS petitions on the ground that the California juvenile court did not have the authority to reunify Plaintiffs with their parents. Courts across the country agree and have enjoined Defendants from imposing the reunification-authority requirement in at least four recent similar actions. Yet Defendants oppose Plaintiffs' motion for preliminary relief here. Instead, Defendants propose that they be permitted to voluntarily remedy the harm they caused to class members, but without any legal ramifications if they fail to do so. This is insufficient to address the risk of grave, irreparable harm to Plaintiffs.

Neither the resolution of Named Plaintiffs' claims, nor the *J.L.* settlement agreement, nor the voluntary cessation of the reunification-authority requirement, moots this action. In the class action context, named plaintiffs whose individual claims have been mooted can continue to adequately represent absent class members. Contrary to Defendants' representations, the *J.L.* settlement agreement does not provide legal relief to class members here. Finally, Defendants' voluntary cessation of the reunification-authority requirement does not help class members whose petitions have already been denied pursuant to the *ultra vires* policy, and in any event is an insufficiently permanent action by Defendants to moot the claims of individuals with pending petitions.

The class here has too much at stake to rely on a non-binding representation by Defendants' counsel, even if made in good faith, that Defendants will right their wrongs. Plaintiffs need this Court to intervene to protect the class from irreparable harm while the parties litigate this action.

## II. ARGUMENT

### A. Defendants Misapprehend or Misrepresent the *J.L.* Settlement Agreement

Defendants' supplemental brief does not accurately represent the *J.L.* settlement agreement or its effect (or lack thereof) on the claims alleged here. The *J.L.* class is defined as "[c]hildren who have received or will receive **guardianship orders pursuant to California Probate Code § 1510.1(a)** and who have received or will receive denials of their SIJ status petitions" due to the reunification-authority requirement. See *J.L. v. Cissna*, 2018-cv-04914 (N.D. Cal.), Dkt. 211-2, Ex. A ("*J.L.* Settlement") at 3 (emphasis added). In contrast, the *A.O.* proposed class is "California children **who have been declared dependent on a juvenile court under Section 300 of the California Welfare**

*and Institutions Code* and who have received or will receive denials of their SIJS petitions" due to the reunification-authority requirement. Dkt. No. 1 ¶ 75 (emphasis added).

The *J.L.* "class list" is somewhat of a misnomer. That list is simply a USCIS list "of individuals who were between 18- and 21-years old on the date of filing of their SIJ petition and included a California residence on their petition." *J.L.* Settlement at 3. The list "may be both overinclusive and underinclusive" of *J.L.* class members. *Id*. The substantive relief in the *J.L.* settlement agreement applies **only** to *J.L.* class members and **does not apply** to non-class members appearing on the class list (or otherwise). *See, e.g.*, *J.L.* Class Notice, *A.O.* Dkt. No. 31-2 at 4 ("The Settlement Agreement requires USCIS to adjudicate SIJ petitions for **Class Members** in accordance with the [law and settlement terms]" (emphasis added)).[1] Contrary to Defendants' supplemental brief and the Robinson Declaration, there is no legal entitlement to relief in the *J.L.* settlement agreement for *A.O.* class members.[2] Defendants' argument that *A.O.* class claims are mooted by the *J.L.* settlement, or in the alternative, that the *A.O.* class cannot establish requisite risk of harm, thus has no factual or legal basis.

### B. The Named Plaintiffs Can Represent the Class

#### 1. The Law Governing Mootness in Class Actions Is Different

In the class action context, mooting of an individual named plaintiff's claim does not moot the class claims nor does it require substitution of class representatives. In *Sosna v. Iowa*, the United States Supreme Court recognized that while there must be a live controversy at the time of review, "[t]he controversy may exist [ ] between a named defendant and a member of the class represented by the named plaintiff, even though the claim of the named plaintiff has become moot." 419 U.S. 393, 402 (1975). In *County of Riverside v. McLaughlin*, the Supreme Court applied this principle where "the class was not certified until after the named plaintiffs' claims had become moot." 500

---

[1] *See also J.L.* Settlement at 9 (providing relief for "all possible Class Members identified on the Class List"); *J.L.* Class Notice at 3 ("[Y]ou are part of the Class covered by the Settlement and participating in this lawsuit if you received a guardianship order from the California Probate Court [between ages 18 and 21] and [your SIJ petition was negatively adjudicated on reunification authority grounds].").

[2] *Compare* Robinson Decl. ¶ 9 ("[B]ecause the A.O. class is subsumed within the J.L. Class List, the SIJ petitions of the putative class members in this case will all be adjudicated on or before June 15, 2020") *with J.L.* Settlement at 9 ("Within 180 days of [December 18, 2019], Defendants will adjudicate the SIJ petitions for all possible **Class Members identified on the Class List**." (emphasis added)).

U.S. 44, 52 (1991).  The Ninth Circuit recognizes that a named plaintiff whose individual claim is mooted may retain an interest in the matter that satisfies Article III, including "a private-attorney-general-like interest in having a class certified if the requirements of Rule 23 are met." *Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081, 1090 (9th Cir. 2011).

None of the cases relied on by Defendants to argue that this case is moot are in the class action context.  *See* Defs.' Supp. Br. at 3 (*citing Iron Arrow Honor Soc'y v. Heckler*, 464 U.S. 67 (1983); *NAACP., Western Region v. City of Richmond*, 743 F.2d 1346, 1352 (9th Cir. 1984); *Murphy v. Hunt*, 455 U.S. 478 (1984); *North Carolina v. Rice*, 404 U.S. 244 (1971); *Rosemere Neighborhood Ass'n v. U.S. Envtl. Prot. Agency*, 581 F.3d 1169 (9th Cir. 2009)).  In fact, in *Murphy*, where a petitioner's pretrial detention claim was found moot, the Supreme Court indicated that petitioner's claim may have survived if he had "sought to represent a class" rather than bringing an individual action.  455 U.S. at 482.  Moreover, in *NAACP* and *Rosemere*, the court found the claims justiciable because of mootness exceptions.  *See NAACP*, 743 F.2d at 1353-54; *Rosemere*, 581 F.3d at 1175.

A class action is not mooted and class representatives need not be substituted in cases, like here, that are "capable of repetition yet evading review," including where "it is certain that other persons similarly situated" will suffer the harm.  *Gerstein v. Pugh*, 420 U.S. 103, 110, n. 11 (1975) (involving a pretrial detention claim that was "by nature temporary").  Courts find a mootness exception when inherent time sensitivity prevents review of the claim as well as when claims are mooted "by virtue of the defendant's litigation strategy."  *Davis v. United States*, No. 16-CV-06258-TEH, 2017 WL 1862506, at *2 (N.D. Cal. May 9, 2017).  Where defendants attempt to avoid a class action by "picking off the named plaintiffs, the class claims are 'inherently transitory' and evade review . . . ."  *Chen v. Allstate Ins. Co.*, 819 F.3d 1136, 1143 (9th Cir. 2016); *see also Wagafe v. Trump*, No. C17-0094-RAJ, 2017 WL 2671254, at *15 (W.D. Wash. June 21, 2017) (warning defendants against "purposely and strategically adjudicating Plaintiffs' applications as they are added as named Plaintiffs").  In these circumstances, courts apply "the relation back doctrine" and consider whether the plaintiff's claim was live at the time of filing.  *Pitts*, 653 F.3d at 1090.

This case fits squarely within the extensive precedent holding that the mooting of a named plaintiff's claim does not moot the class action. First, the Named Plaintiffs' claims here were mooted by Defendants' litigation strategy. As discussed above, Defendants' position that Named Plaintiffs' petitions were approved in the "normal course of implementing the *J.L.* settlement agreement," Defs.' Supp. Br. at 3, is inconsistent with Defendants' obligations under the *J.L.* settlement. Additionally, the timing of the Named Plaintiffs' approvals seems to coincide with intervention by counsel in this matter. Plaintiffs' counsel provided Defendants' counsel with Named Plaintiffs' names and alien registration numbers on December 16, 2019. Lichtenberg Decl., Ex. A. On January 8, Defendants' counsel informed Plaintiffs' counsel that the Named Plaintiffs' SIJ petitions had been approved. *Id.*, Ex. B. In a January 9 update to the court, Defendants again made this representation and Plaintiffs stated the update was "unsupported by evidence." *See* Dkt. No. 42. On January 9, Defendants' counsel sent Plaintiffs' counsel copies of Named Plaintiffs' approval notices. Lichtenberg Decl., Ex. C. Four out of five of the approval notices were dated January 9, 2020—the day ***after*** Defendants' counsel stated that the petitions had been approved. *Id.* Considering this record, the more reasonable inference is that Named Plaintiffs' petitions were specifically flagged for review in connection with this litigation, rather than approved under an agreement to which Named Plaintiffs are neither parties nor beneficiaries.

Second, this case presents a situation where absent class members would be required to file "lawsuit after lawsuit, only to see [their] claims mooted before they can be resolved." *Pitts*, 653 F.3d at 1090. The putative class includes individuals whose SIJS petitions were already denied on reunification-authority grounds. *See* Dkt. No. 1 ¶ 75. The *J.L.* settlement agreement does not provide for readjudication of these individuals' denials. Nor does the purported abandonment of the reunification-authority requirement help these individuals, as the new guidance applies only to "pending and future petitions." *See* Oct. 15, 2019 USCIS press release, Dkt. No. 31-1. If the court dismisses this action as moot, absent class members will be required to re-file this litigation in order to obtain relief.[3] This would not be a just or efficient outcome.

---

[3] While Plaintiffs' counsel is aware of absent class members who may be able serve as substitute class representatives, counsel should not be required to substitute these individuals for the current Named Plaintiffs.
*(Footnote continued)*

### 2. The Voluntary Cessation Exception Applies

Defendants assert that this case is moot because the government "took corrective action independent of this litigation when it discontinued the reunification authority requirement . . . ." Defs.' Supp. Br. at 3-4. This assertion is incorrect. First, as discussed above, the discontinuation of the *ultra vires* policy for "pending and future petitions" has no effect on *A.O.* class members whose petitions have already been denied. Dkt. No. 31-1. Second, for class members whose petitions are pending, the "voluntary cessation" exception to mootness applies. As shown by Defendants' own cited authority, "[a] defendant claiming that its voluntary compliance moots a case bears the formidable burden of showing that it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur." *McCormack v. Herzog*, 788 F.3d 1017, 1025 (9th Cir. 2015). In *McCormack*, the Ninth Circuit explained that while statutory change might moot a claim, "[a]n executive action that is not governed by any clear or codified procedures cannot moot a claim." 788 F.3d at 1025. *McCormack* further reasoned that the voluntary cessation exception applied because defendant "never repudiated the statute as unconstitutional, and he did not cease McCormack's prosecution because he believed the prosecution was unlawful." *Id*.

Here, the Adopted Decision that Defendants cite in support of their argument does not reflect the kind of "entrenched" or "permanent" change that courts require to moot a claim. *See id*. In fact, in USCIS's release, USCIS stated that it "acknowledges the potential for reliance interests; however, these three adopted AAO decisions ***do not create legally binding rights or change substantive requirements***." Dkt. No. 31-1 at 3 (emphasis added). Defendant Cuccinelli's comments in the release further indicate that he believes the reunification-authority requirement is lawful, calling the ability to impose a reunification authority requirement a "loophole[] in the SIJ program" that could only be addressed by Congress. *Id*. at 2. Defendants continue to refuse to acknowledge the policy is *ultra vires*, notwithstanding the fact that it has been rejected by courts across the country. *See J.L. v. Cissna*, 341 F. Supp. 3d 1048 (N.D. Cal. 2018); *R.F.M. v. Nielson*, 365 F. Supp. 3d 350 (S.D.N.Y.

---

Defendants would simply conduct an ad hoc readjudication of those individuals' claims as well. Plaintiffs' counsel's ability to identify successive class representatives, without the benefit of USCIS's records, only goes so far. Putting the onus on Plaintiffs' counsel to identify all absent class members in order to obtain ad hoc, individualized relief from Defendants undermines the concept of a class action. *See Pitts*, 653 F.3d at 1091 (permitting defendants to pick off named plaintiffs would "contravene Rule 23's core concern").

2019); *Moreno Galvez v. Cuccinelli*, 387 F. Supp. 3d 1208 (W.D. Wash. 2019); *W.A.O. v. Cuccinelli*, No. 19-cv-11696, 2019 WL 3549898 (D.N.J. July 3, 2019). Defendants cannot meet their heavy burden to show that voluntary compliance moots these claims.

### C.  Plaintiffs' Request for Relief is Narrowly Tailored

The relief requested in Plaintiffs' motion for preliminary injunction is narrowly tailored. Although relief "must be narrowly tailored to remedy the specific harm shown," "an injunction is not necessarily made over-broad by extending benefit or protection to persons other than prevailing parties in the lawsuit—even if it is not a class action—if such breadth is necessary to give prevailing parties the relief to which they are entitled." *Bresgal v. Brock*, 843 F.2d 1163, 1170–71 (9th Cir. 1987). But more importantly, here, the preliminary relief requested here is not overbroad because it seeks only to prevent adverse adjudicatory action and removals for putative class members. *See* Pls.' Mot. for Preliminary Injunction, Dkt. No. 10, at 31 ("Mot.").

Defendants' primary concern seems to be that Plaintiffs' requested notice provision would require notice of adverse adjudicatory or enforcement action against class members even where such action is unrelated to the reunification-authority requirement. *See* Defs.' Supp. Br. at 7. However, there is sound logic for this. For example, if the preliminary injunction is entered in this action, and Defendants wrongfully remove a class member in violation of the injunction, it will be much more difficult to remedy that situation than it would have been if the error had been discovered prior to removal. The proposed notice provision will help Plaintiffs protect class members by allowing them to inform Defendants, prior to removal, if Plaintiffs' counsel believes the removal is a violation of the preliminary injunction. It will also help Defendants avoid a contempt order for wrongfully removing a class member and the extensive costs associated with returning the class member to the United States, both of which have occurred in other similar matters. *See J.L.* Dkt. No. 249 (contempt finding); *Ms. L.* v. *ICE*, 18-cv-428 (S.D. Cal), Dkt. No. 456 (granting in part plaintiffs' motion to return parents who were removed without their children to the United States). The notice provision is thus a reasonable prophylactic measure designed to ensure proper implementation of the preliminary injunction that benefits both parties.

A comparable notice provision has been implemented in at least two similar cases. *See J.L.*, Dkt. No. 49 at 28; *W.A.O. v. Cuccinelli*, No. 19-cv-11696, 2019 WL 3549898 (D.N.J. July 3, 2019), Dkt. No. 20 at 7 ("*W.A.O.* PI"). Indeed, in *W.A.O*, which involves a class whose SIJS petitions were denied on the grounds that a New Jersey family court lacked reunification authority, the preliminary injunction notice provision (which is currently in effect) is much more extensive than the one requested here: Defendants are required to provide "no less than **45 days'** notice" (compared to 14 days here) before taking any adverse action against or removing "any named Plaintiff or ***other individual who filed an 18+ SIJS Petition***" (compared to here, where the request is for class members only). *W.A.O.* PI at 7 (emphasis added). Defendants assert that "USCIS has met or exceeded adjudication requirements in all pending class actions up until now," including in *W.A.O,* Defs.' Supp. Br. at 6, which suggests similar relief could be implemented here.

### D. The Court Should Not Stay the Action

For the reasons discussed above, class members face the same irreparable harm today as they did before approval of the *J.L.* settlement agreement. Mot. at 20-24. The *J.L.* settlement provides no legal relief to *A.O.* class members. Even if Defendants intend to voluntarily readjudicate *A.O.* class petitions by June 15, 2010, *see* Defs.' Supp. Br. at 2, which is questionable given the express terms of the *J.L.* settlement agreement, a preliminary injunction is necessary to protect the *A.O.* class while they do so (and while final relief is litigated in this matter). Defendants' request that they simply be "trusted" to correctly adjudicate the petitions of the *A.O.* putative class members, *see* Defs. Supp. Br. at 7, without any legal ramifications if they fail to do so, is inappropriate, particularly where Defendants were recently held in contempt for failing to comply with a court order to protect similarly situated individuals, *see J.L.* Dkt. No. 249. A preliminary injunction is still necessary to protect the legal rights of the class. Considering the strength of Plaintiffs' claims and the irreparable harm that they face, preliminary relief is warranted here.

### III.  CONCLUSION

For the foregoing reasons, pending adjudication on the merits, this Court should grant the requested relief.

Dated: February 21, 2020

By: */s/ Linda Dakin-Grimm*

*Attorneys for Plaintiffs*

**MILBANK LLP**
THOMAS R. KRELLER
LINDA DAKIN-GRIMM
ANDREW B. LICHTENBERG
KATHERINE KELLY FELL

**SOUTHWESTERN LAW SCHOOL**
ANDREA RAMOS