UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A. O., et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>KENNETH T. CUCCINELLI, et al.,<br><br>　　　　Defendants. | Case No.  19-cv-06151-SVK<br><br>**CASE MANAGEMENT ORDER** |

On June 1, 2020, the parties submitted their joint case management conference statement. Dkt. 69. In the statement, the parties identify several issues which the Court addresses herein.

## I.  REQUESTS FOR CLARIFICATION

The Government identified four items in the Court's Order Granting Preliminary Injunction (Dkt. 67) for "clarification." Dkt. 69 at 15-16. Upon review, the Court finds that, except as noted, the Order is speaks for itself and further "clarification" is not necessary. In particular:

　　Item 1: As set forth in the Order, the preliminary injunction is state-wide in scope (and therefore not national). Dkt. 67 at 20.

　　Item 2: The reasonable reading of "adverse adjudicatory actions" is precisely as the Government represents USCIS and DHS have interpreted the phrase (Dkt. 69 at 15) and includes notices of intent to deny, notices of denial, notices of revocation, notices to appear, and the enforcement of removal orders.

　　Item 3: "Members of the proposed class" are identified in the Order as "any Special Immigrant Juvenile petitioner who has been declared dependent on a juvenile court under Section 300 of the California Welfare and Institutions Code and whose Special Immigrant Juvenile petition has been denied on the grounds that the California juvenile

court did not have the jurisdiction or authority to 'reunify' an 18-to-20 year old petitioner with his or her parents." Dkt. 67 at 21.  In the event the parties are uncertain as to the reach of "has been" in a prospective injunction, the Order applies to any petitioner identified above whose Special Immigrant Juvenile petition has been, <u>is, or will be denied</u> on the grounds that the California juvenile court did not have the jurisdiction or authority to "reunify" an 18-to-20 year old petitioner with his or her parents.

<u>Item 4:</u> The question is ambiguous as to "departed."  The parties are ORDERED to meet and confer regarding this item.  If an actual controversy exists arising out of an ambiguity in the Order that the parties are unable to resolve such that either party believes this remains a valid issue for clarification, then a formal request for clarification may be filed with the Court.

## II.  DISCOVERY

The parties are ORDERED to meet and confer regarding pre-class certification discovery.  If the parties are unable to reach an agreement, they may submit a joint letter brief by **June 12, 2020**.

## III.  SETTLEMENT

The parties are ORDERED to participate in ADR, to be completed by **October 31, 2020.**  The parties are further ORDERED to immediately meet and confer and select either a settlement conference with Magistrate Judge Ryu or private mediation.  The parties must inform the Court of their decision no later than **June 12, 2020**.  If the parties select private mediation, the mediator must be identified in the June 12 submission.

## IV.  SCHEDULING

The class certification briefing schedule is as follows:

| Scheduled Event | Deadline |
| --- | --- |
| Deadline to File Motion for Class Certification | July 30, 2020 |
| Opposition Due | September 14, 2020 |
| Reply Due | October 14, 2020 |

| Hearing on Motion | November 17, 2020 at 10:00 a.m. |

The Government must file the Certified Administrative Record by **September 1, 2020**.

**SO ORDERED.**

Dated: June 8, 2020

SUSAN VAN KEULEN
United States Magistrate Judge