DAVID L. ANDERSON (CABN 149604)
United States Attorney
SARA WINSLOW (DCBN 457643)
Chief, Civil Division
JAMES A. SCHARF (CABN 152171)
Assistant United States Attorney
  150 Almaden Blvd., Suite 900
  San Jose, California 95113
  Telephone: (408) 535-5044
  FAX: (408) 535-5081
  E-mail: james.scharf@usdoj.gov

KATELYN MASETTA-ALVAREZ
Trial Attorney
United States Department of Justice
Office of Immigration Litigation
katelyn.masetta.alvarez@usdoj.gov

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| A.O., et al.,<br><br>                Plaintiffs,<br><br>v.<br><br>KENNETH T. CUCCINELLI, et al.,<br><br>                Defendants. | Case No. 19-CV-06151 SVK<br><br>**DEFENDANTS' REQUEST FOR CLARIFICATION** |

Pursuant to the Court's Case Management Order, Dkt. No. 70, Defendants respectfully submit this Request for Clarification concerning the one remaining, unresolved aspect of the Court's Order Granting Plaintiff's Motion for a Preliminary Injunction dated May 1, 2020, Dkt. No. 67 ("PI"). To expedite resolution of this dispute, the parties do not request a hearing date and agreed to the following expedited briefing schedule and page limits unless the Court directs otherwise: Defendants will file a request for clarification not to exceed five pages by July 2, 2020. Plaintiffs will file any response to the

request not to exceed five pages by July 9, 2020.  Defendants will file any reply in further support of the request, not to exceed two pages, by July 16, 2020.

## I. INTRODUCTION

Defendants took substantial steps to ensure immediate compliance with the PI.  *See* Joint Case Management Statement filed June 1, 2020, Dkt. No. 69 at 5:4 – 6:3 (summarizing compliance steps).  In implementing the PI, Defendants identified four aspects of the PI that required clarification.  *Id*. at 15:16 – 16:9 (identifying issues requiring clarification).  The Court resolved three of these issues in its Case Management Order, Dkt. No. 70, and ordered the parties to meet and confer further as to the fourth issue – whether the scope of the injunction includes individuals who have departed the United States – because that question was "ambiguous as to 'departed.'"  *Id*.  The parties engaged in a lengthy and robust telephonic meet and confer on June 25, 2020 regarding this issue but were not able to reach an accord.[1] For the reasons explained below, Defendants request the Court to clarify that the scope of the PI does *not* include individuals who (1) have a pending SIJ petition and depart the United States without appropriate authorization; and (2) then are encountered or apprehended re-entering the country.

## II. LEGAL STANDARDS

A court may clarify a preliminary injunction to facilitate its implementation.  *See, e.g.*, *Kuang v. United States Dep't of Def.*, No. 18-CV-03698-JST, 2019 WL 718632, at *2 (N.D. Cal. Feb. 20, 2019). "The Supreme Court teaches that when questions arise as to the interpretation or application of an injunction order, a party should seek clarification or modification from the issuing court, rather than risk disobedience and contempt."  *Regents of the Univ. of Cal v. Aisen*, No. 15-cv-1766-BEN (BLM), 2016 WL 4681177, at *1 (S.D. Cal. Sept. 7, 2016) (citing *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 192 (1949); *Regal Knitwear Co. v. NLRB*, 324 U.S. 9, 15 (1945)); *see also Donovan v. Sureway Cleaners*, 656 F.2d 1368, 1373 (9th Cir. 1981) ("If after altering the contracts Sureway was unsure as to the applicability of the prior injunction, it could have petitioned the court for a modification or

---

[1] Defendants also raised these issues to Plaintiffs in writing and on the telephone while meeting and conferring about the Joint Case Management Statement, and then sent Plaintiffs an e-mail dated June 22, 2020, which summarized the arguments Defendants make herein.

DEFENDANTS' REQUEST FOR CLARIFICATON
CASE NO. 19-CV-06151 SVK

clarification of the order."). The decision whether to clarify an injunction is entrusted "to the sound discretion of the court . . . ." *Regal*, 324 U.S. at 15.

### III. ARGUMENT

The Court should issue the proposed clarification for the following six reasons. First, by definition, the proposed class members must be present in the United States. 8 U.S.C. § 1101(a)(27)(J) defines a special immigrant juvenile as "an immigrant who is present in the United States . . . ." An individual who departs the United States during the pendency of their SIJ petition (herein after a "departed person" or "departed individual") will be denied due to statutory ineligibility because an individual must be present in the United States to be eligible for SIJ classification. Such an individual would not be denied SIJ status based on the challenged policy, but because of the action of the individual petitioner. As such, an individual who has a pending SIJ petition who departs the United States without appropriate authorization (i.e., with advanced parole, for instance) should not be viewed as a member of the class. As a result, those individuals encountered or apprehended re-entering the country should not be included within the scope of the PI.

Second, it is unduly burdensome for Defendants to give fourteen days' notice to Plaintiffs of such individuals pursuant to the PI. CBP, the agency at the United States borders, processes in excess of over a million people at ports of entry alone every day. *See* https://www.cbp.gov/newsroom/stats/typical-day-fy2019. Furthermore, CBP apprehended 859,501 persons who illegally entered the United States between the ports of entry in Fiscal Year 2019. *See* https://www.cbp.gov/newsroom/stats/cbp-enforcement-statistics-fy2019. Accordingly, it would be unduly burdensome for CBP to identify putative class members who are encountered or apprehended re-entering the country among the enormous numbers CBP processes and apprehends, particularly because, as discussed herein, there is no legal justification for including departed persons within the scope of the injunction.

Third, Plaintiffs lack standing to seek injunctive relief for departed persons. The named Plaintiffs have not alleged that they have any intention of travelling outside the United States during the pendency of an SIJ petition. The Ninth Circuit has made two points clear with respect to standing in

DEFENDANTS' REQUEST FOR CLARIFICATON
CASE NO. 19-CV-06151 SVK

class action cases: First, if the named plaintiffs "lack[] Article III standing to pursue [a form of] relief [sought], [they] cannot represent a plaintiff class seeking such relief." *Villa v. Maricopa Cty.*, 865 F.3d 1224, 1229 (9th Cir. 2017) (citing *Hodgers–Durgin v. de la Vina*, 199 F.3d 1037, 1044–45 (9th Cir. 1999) (en banc)). Second, the named plaintiffs must "must show standing with respect to each form of relief sought." *Id*. (quoting *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 978 (9th Cir. 2011)). Because Plaintiffs lack standing to seek injunctive relief for departed persons, the Court lacks jurisdiction to issue an injunction covering departed persons, including the circumstance where such a person is encountered or apprehended re-entering the United States.

Fourth, even if there were standing, Plaintiffs have not met the preliminary injunction standard under *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7 (2008) and, therefore, the PI cannot cover departed persons. Even if, contrary to fact, the named Plaintiffs had alleged they had purchased tickets for international travel and sought an injunction to allow them to travel abroad during the pendency of their SIJ petition without consequence to their petitions, they cannot show likelihood of success on the merits of that claim as they would have rendered themselves statutorily ineligible for SIJ classification if they are not present in the United States at the time of adjudication. But more importantly, Plaintiffs haven't *already* argued why they are entitled to a preliminary injunction for departed individuals and, therefore, cannot possibly have met their burden to obtain such extraordinary preliminary relief for such persons. *See Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011) (making clear movants are required "to make a showing on all four prongs" of *Winter* to obtain a preliminary injunction); *see also Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012) ("A preliminary injunction . . . should not be granted unless the movant[s], *by a clear showing*, carr[y] the burden of persuasion.'") (emphasis in original) (*quoting Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam)). This should end the matter, as it "is not th[e] Court's role to spin out arguments for why . . . an injunction [should issue] that Plaintiffs have not made." *Short v. Brown*, No. 2:18-cv-00421 TLN KJN, 2018 WL 1941762, at *10 (E.D. Cal. Apr. 25, 2018), aff'd, 893 F.3d 671 (9th Cir. 2018).

Fifth, the requested clarification is required by the Court's prior clarification that the PI grants only state-wide relief. Defendants are not required to provide notice to Plaintiffs' counsel before

Defendants take any adverse adjudicatory or enforcement action against anyone who is no longer in California.

Sixth, when balancing the justification for including departed individuals in the scope of the PI against the burden on the agencies, the Court should keep in mind that it has broadly defined the class to include pending petitions, since the definition includes "those who will be denied" though there is no evidence that Defendants have denied any SIJ petitions on reunification authority grounds since the rescission, as Plaintiffs readily admitted during the PI hearing.

## IV.  CONCLUSION

By definition, the members of the proposed class must be present in the United States.  The PI does not say it applies to departed individuals -- a context leading to categorical statutory ineligibility that has nothing to do with the reunification authority interpretation.  Plaintiffs did not ask for relief for departed individuals in their Complaint or in their preliminary injunction motion, and Plaintiffs lack standing to request such relief now.  Even if they had standing, Plaintiffs did not demonstrate entitlement to such relief under the preliminary injunction standard.  Further, Defendants should not be required to provide notice re departed individuals because the PI provides only state-wide relief, it is unduly burdensome to do so, and because there is no evidence that Defendants are still applying the reunification authority requirement.  For all these reasons, the Court should clarify that the scope of the PI does *not* include individuals who (1) have a pending SIJ petition and depart the United States without appropriate authorization; and (2) then are encountered or apprehended re-entering the country.

Dated:  July 2, 2020                               Respectfully submitted,

DAVID L. ANDERSON
United States Attorney

*/s/ James A. Scharf*
JAMES A. SCHARF
Assistant United States Attorney

*/s/ Kate Masetta-Alvarez*
KATE MASETTA-ALVAREZ
Trial Attorney
United States Department of Justice
Office of Immigration Litigation

Attorneys for Defendants

DEFENDANTS' REQUEST FOR CLARIFICATON
CASE NO. 19-CV-06151 SVK