UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A. O., et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>KENNETH T. CUCCINELLI, et al.,<br><br>    Defendants. | Case No.  19-cv-06151-SVK<br><br>**ORDER DENYING REQUEST FOR CLARIFICATION**<br><br>Re: Dkt. No. 79 |

Before the Court is Defendants' Request for Clarification. Dkt. 79. Specifically, Defendants ask the Court to clarify that the preliminary injunction does not include individuals who (1) have a pending Special Immigrant Juvenile ("SIJ") petition and depart the United States without appropriate authorization; and (2) then are encountered or apprehended re-entering the country. *Id*. Defendants do not identify any specific incident as a catalyst for this request. *Id*. Plaintiffs oppose the request. Dkt. 88.

The preliminary injunction (Dkt. 67) in relevant part, enjoins Defendants:

> From initiating removal proceedings against or removing any Special Immigrant Juvenile petitioner who has been declared dependent on a juvenile court under Section 300 of the California Welfare and Institutions Code and whose Special Immigrant Juvenile petition has been denied on the grounds that the California juvenile court did not have jurisdiction or authority to "reunify" an 18 to 20-year-old petitioner with his or her parents.

Dkt. 67 at 21. The preliminary injunction also mandates:

> Defendants must provide no less than fourteen (14) days' notice to Plaintiffs' counsel before Defendants take any adverse adjudicatory or enforcement action against any of the Plaintiffs or members of the proposed class during the pendency of this litigation.

*Id*.

////

In both briefing and oral argument in opposition to the preliminary injunction, Defendants sought to exclude from the scope of the injunction:

> [A]ny adverse adjudicatory or enforcement actions (including removal) against class members for lawful reasons separate and apart from the reunification authority requirement. Similarly, the Court should not require Defendants to give Plaintiffs notice of any adverse adjudicatory or enforcement action against any of the individual Plaintiffs or members of the putative class for lawful reasons separate and apart from the reunification authority requirement.

Dkt. 53 at 6-7. The Court gave careful consideration to that argument but ultimately rejected it.

> Defendants argue that Plaintiffs or members of the proposed class may be subject to removal for other lawful reasons (*id.* at 33-34), and the Court appreciates that point. However, when balancing Plaintiffs' and the proposed class' threat of irreparable harm with Defendants' concerns that lawful removal may be halted for a relatively limited period of time no longer than the span of this litigation, the Court finds that the risk of harm to Plaintiffs and the proposed class outweighs Defendants' concerns.

Dkt. 67 at 20-21.

Here Defendants argue, *inter alia,* that it would be unduly burdensome for them to identify putative class members in a field of illegal entries. Dkt. 79. However, in discovery issues before this Court, Defendants have asked for leave to identify putative class members generally, by existence of a SIJ petition, without regard for the specific statute that may have been relied upon in evaluating the petition. The Court has granted that relief. Dkts. 77, 78. Similarly, Defendants' burden here is mitigated by their ability to check for the existence of a SIJ petition as to any specific detainee without regard for the specific underlying statute at issue in the particular petition.

In sum, the Court views the instant request as another attempt to carve out from the preliminary injunction's protections certain hypothetical individuals under hypothetical circumstances. For the same reasons articulated in granting the motion for preliminary injunction, the Court rejects Defendants' request. The Court notes that there may be legal arguments as to why the preliminary injunction does not apply to a specific detainee, but the Court need not reach those arguments today. As to the request for clarification before this Court, the preliminary injunction is clear on its face, and the request is **DENIED**.

Finally, the Court notes that Plaintiffs were similarly unable to resist asserting their own

request for clarification: "Plaintiffs respectfully request that the Court clarify that class members who did not voluntarily leave the U.S. are protected by the preliminary injunction." Dkt. 88 at 5. As the injunction is clear as to its scope, this request is rejected as well.

**SO ORDERED.**

Dated: July 17, 2020

*Susan van Keulen*
SUSAN VAN KEULEN
United States Magistrate Judge