Thomas R. Kreller (CA 161922)
TKreller@milbank.com
Linda Dakin-Grimm (CA 119630)
LDakin-grimm@milbank.com
Andrew B. Lichtenberg (*pro hac vice*)
ALichtenberg@milbank.com
Katherine Kelly Fell (*pro hac vice*)
KFell@milbank.com
Ashley A. Satterlee (*pro hac vice*)
ASatterlee@milbank.com
MILBANK LLP
2029 Century Park East, 33rd Fl.
Los Angeles, CA 90067
Telephone: 424-386-4000
Facsimile: 213-892-4704

Andrea Ramos (CA 162531)
aramos@swlaw.edu
Clinical Professor of Law
Director of Immigration Law Clinic
Southwestern Law School
3050 Wilshire Boulevard
Los Angeles, CA 90010
Telephone: 213-738-7922
Facsimile: 213-738-5751

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.O., A.S.R., L.C., R.M., and I.Z.M., on behalf of themselves and all others similarly situated, | Case No. 5:9-CV-06151-SVK |
| Plaintiffs, | **PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISSOLVE OR MODIFY THE PRELIMINARY INJUNCTION** |
| v. | |
| KENNETH T. CUCCINELLI, Acting Director, U.S. Citizenship and Immigration Services, KEVIN K. MCALEENAN, Acting Secretary, U.S. Department of Homeland Security, ROBERT COWAN, Director, National Benefits Center, U.S. Citizenship and Immigration Services, UNITED STATES DEPARTMENT OF HOMELAND SECURITY, and UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES. | Date: March 9, 2021<br>Time: 10am<br>Ctrm: 6<br><br>Action Filed: September 27, 2019 |
| Defendants. | |

# **TABLE OF CONTENTS**

**Page(s)**

I. INTRODUCTION ..................................................................................................................1

II. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND .......................................3

    A. Relevant Factual Background ....................................................................................... 3

    B. Relevant Procedural Background ................................................................................. 5

III. ARGUMENT ..........................................................................................................................6

    A. Standard of Review ...................................................................................................... 6

    B. Defendants Fail to Show a Change in Facts or Law Warranting Reconsideration of the Preliminary Injunction. ......................................................................................... 7

    C. In Any Event, Dissolving or Modifying the Preliminary Injunction is Not Warranted. ................................................................................................................... 10

        1. Defendants Do Not Argue That Any Significant Change in Facts or Law Affects the Court's Likelihood of Success Determination. ............................. 10

        2. Plaintiffs Continue to Face Irreparable Harm Absent a Preliminary Injunction. ...................................................................................................... 10

        3. Balance of Equities and Public Interest Still Weigh in Plaintiffs' Favor. ...... 12

    D. Class-Wide Scope of the Preliminary Injunction Is Appropriate. .............................. 13

IV. CONCLUSION.....................................................................................................................15

# TABLE OF AUTHORITIES

**Cases**                                                                                                                   **Page(s)**

*A.O. v. Cuccinelli*,
  457 F. Supp. 3d 777 (N.D. Cal. 2020) ............................................................................... *passim*

*Abdi v. Duke*,
  280 F. Supp. 3d 373 (W.D.N.Y. 2017) .........................................................................................13

*Alto v. Black*,
  738 F.3d 1111 (9th Cir. 2013) ........................................................................................................8

*Ariz. Dream Act Coal. v. Brewer*,
  757 F.3d 1053 (9th Cir. 2014) ......................................................................................................10

*Bresgal v. Brock*,
  843 F.2d 1163 (9th Cir. 1987) ......................................................................................................14

*Concrete Washout Sys., Inc. v. Neaton Cos., LLC*,
  334 F. App'x 112 (9th Cir. 2009) ...................................................................................................8

*Cty. of Riverside v. McLaughlin*,
  500 U.S. 44 (1991) ........................................................................................................................11

*Datatech Enters. LLC v. FF Magnat Ltd.*,
  No. C 12-04500 CRB, 2013 WL 1007360 (N.D. Cal. Mar. 13, 2013) ........................................10

*FTC v. Kutzner*,
  No. SA CV 16-00999-BRO, 2017 WL 5229182 (C.D. Cal. June 12, 2017) .................................8

*Gerstein v. Pugh*,
  420 U.S. 103 (1975) ......................................................................................................................11

*J.L. v. Cissna*,
  341 F. Supp. 3d 1048 (N.D. Cal. 2018) .................................................................................11, 13

*J.L. v. Cissna*,
  No. 18-cv-04914, 2019 WL 415579 (N.D. Cal. Feb. 1, 2019) ......................................................9

*Karnoski v. Trump*,
  926 F.3d 1180 (9th Cir. 2019) ...............................................................................................6, 7, 9

*League of Wilderness Defs./Blue Mountains Biodiversity Project. v. Connaughton*,
  752 F.3d 755 (9th Cir. 2014) ........................................................................................................12

*Perez-Olano v. Gonzalez*,
  248 F.R.D. 248 (C.D. Cal. 2008) ..................................................................................................11

*Sharp v. Weston*,
   233 F.3d 1166 (9th Cir. 2000) ..................................................................................................6

*Smith v. Sperling*,
   354 U.S. 91 (1957)....................................................................................................................7

*U.S. ex rel. FTC v. Bus. Recovery Servs. LLC*,
   488 F. App'x 188 (9th Cir. 2012) ..............................................................................................6

*Winter v. Nat. Res. Def. Council*,
   555 U.S. 7 (2008)...............................................................................................................10, 12

**Statutes**

8 U.S.C. § 1101.................................................................................................................................3

8 U.S.C. § 1153.................................................................................................................................3

8 U.S.C. § 1232.............................................................................................................................3, 4

8 U.S.C. § 1255.................................................................................................................................3

8 U.S.C. § 1427.................................................................................................................................3

Cal. Civ. Proc. Code § 155 ...............................................................................................................3

**Other Authorities**

8 C.F.R. § 204.11..............................................................................................................................3

## I. INTRODUCTION

Defendants' motion to dissolve or modify the preliminary injunction is an unjustified attempt to relitigate issues already decided by the Court in granting Plaintiffs' preliminary injunction motion and issues already pending before the Court in Plaintiffs' fully-briefed motion for class certification.

A "significant change in facts or law" is required for a preliminary injunction to be dissolved, and there is no such change here. Defendants point to three purported changes: (1) the filing of Plaintiffs' class certification motion; (2) the passage of time since the preliminary injunction was entered; and (3) the readjudication of the SIJS petitions of certain class members as part of the *J.L. v. Cissna* settlement. All of these developments were clearly foreseeable to the Court when it entered the preliminary injunction, and they do not provide a reason to readjudicate (or dissolve) the preliminary injunction.

The filing of a motion is not a change in the facts or the law. Thus, the filing of Plaintiffs' class certification motion does not warrant reconsideration of the preliminary injunction. Defendants' attempt to cast Plaintiffs' filing of the class certification motion as such a change is a transparent attempt to rehash Defendants' arguments in opposition to class certification. Indeed, much of Defendants' instant motion addresses the pending class certification issues, such as whether the named Plaintiffs can properly represent the class and whether a class should be certified such that a class-wide injunction is appropriate. Defendants should not be permitted to collaterally attack the fully-briefed class certification motion through this motion, and, in any event, they are wrong on the merits for the reasons detailed in Plaintiffs' class certification briefing and summarized below.

Nor is the passage of time a significant change in the facts or the law. If that were the standard, any party subject to a preliminary injunction could seek dissolution of the injunction when time had passed after it was issued. That would be an incredible waste of judicial and party resources. The Court and the parties should focus on the class certification motion and finally on summary judgment, rather than wasting resources relitigating the preliminary injunction.

Moreover, Defendants point to the mere passage of time because they cannot point to any actual change in the law. Defendants' withdrawal of the reunification authority requirement, which occurred before the preliminary injunction was issued, remains anything but "broad in scope and

unequivocal in tone." *A.O. v. Cuccinelli*, 457 F. Supp. 3d 777, 788–89 (N.D. Cal. 2020). Now, as when the Court entered the preliminary injunction, Defendants' position is premised on "a recent legal re-interpretation" that explicitly "do[es] not create legally binding rights or change substantive requirements." *Id.* at 789–90. Defendants still do not and cannot point to any "discussion of formalizing the renouncement of the reunification authority requirement in a rule-making or statutory change." *Id.* at 789.

Finally, the Court knew when it entered the preliminary injunction that Defendants were readjudicating the SIJS petitions of certain class members as part of the *J.L.* settlement, but the Court properly issued the preliminary injunction anyway. As the Court observed, regardless of the readjudication of some of the SIJS petitions, "the central issue—that members of the instant proposed class lack a legally-enforceable right—remains." *Id.* at 791. Nothing has changed since then. Defendants still cannot meet the "heavy burden of showing that the challenged conduct cannot reasonably be expected to start up again." *Id.* at 790 (quoting *Am. Diabetes Ass'n v. U.S. Dep't of the Army*, 938 F.3d 1147, 1152 (9th Cir. 2019)).

Because each item Defendants characterize as a "significant change" in the facts or law (1) was foreseeable to the Court when it entered the preliminary injunction and (2) does not materially alter the preliminary injunction analysis, the Court should not entertain the motion to readjudicate the preliminary injunction. To the extent Defendants have raised issues not previously addressed by the Court, they are issues that are already pending on the class certification motion.

If the Court decides to reassess the previously-issued preliminary injunction, the Court should keep the injunction in place during the pendency of this litigation for the reasons that the Court entered the injunction in the first place, as discussed further below.

## II. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

### A. Relevant Factual Background

Special Immigrant Juvenile Status ("SIJS") is a humanitarian protection created by Congress to allow abused, abandoned, and neglected children[1] under the age of 21 to lawfully remain in the United States. SIJS provides a number of benefits, including a path for vulnerable immigrant children to become legal permanent residents and obtain United States citizenship and access to state and federally funded benefits. *See* 8 U.S.C. §§ 1232(d)(4)(A), 1153(b)(4), 1255(h), 1427. SIJS is available to unmarried immigrant children under the age of 21 if a state juvenile court has issued SIJ Findings on their behalf by (1) declaring them a dependent of the court or placing them in the custody of a state agency or an individual such as a guardian (such as being placed in foster care); (2) determining that reunification with one or both of their parents is not viable due to abuse, abandonment, neglect, or a similar basis under state law; and (3) determining that it is not in their best interest to return to their home country. *See* 8 U.S.C. §§ 1101(b)(1), 1101(a)(27)(J) ("SIJS Statute"), 1232(d)(6).

Congress expressly reserved the role of making SIJ Findings to state "juvenile courts" because they are best equipped to make custody and child welfare decisions. *See* 8 U.S.C. § 1101(a)(27)(J); *see also* 8 C.F.R. § 204.11(c)(3) –(6). Indeed, they make these determinations daily. The SIJS Statute confers fact-finding authority on these state courts when applying state law, and USCIS must defer to those findings in considering an SIJS petitioner's eligibility. *See* 8 U.S.C. §§ 1101(b)(1), 1101(a)(27)(J); USCIS Policy Manual, vol. 6, pt. J, ch. 2 (D)(4), ECF No. 1-3 ("There is nothing in USCIS guidance that should be construed as instructing juvenile courts on how to apply their own state law."). California juvenile courts—which include the juvenile, probate, and family divisions of the Superior Court—have the authority "to make judicial determinations regarding the custody and care of children within the meaning of the federal Immigration and Nationality Act (8 U.S.C. Sec. 1101 et seq. and 8 C.F.R. Sec. 204.11)." Cal. Civ. Proc. Code § 155(a)(1).

---

[1] "Child" is defined by the Immigration and Nationality Act and California law as a person under 21 years of age. *See* 8 U.S.C. § 1101(b)(1) (defining a child, in part, as an unmarried individual under the age of 21).

In 2017, USCIS inexplicably and unlawfully imposed a new requirement for SIJS eligibility: that the state court issuing SIJ Findings have the authority to return a child to the custody of her parent (the "reunification authority" requirement). *See* Lich. Decl., Ex. C, Ted Hesson, *USCIS Explains Juvenile Visa Denials*, POLITICO (April 25, 2018) (with statement from USCIS spokesperson Jonathon Withington), ECF No. 12-8. USCIS deployed the erroneous extra-statutory reunification authority requirement (which USCIS refused to acknowledge until months later in a statement to the media) to prevent children, like Plaintiffs and the Proposed Class members, who applied for SIJS between the ages of 18 and 20 from obtaining the humanitarian relief that they need and for which they qualify. USCIS issued Notices of Intent to Deny ("NOIDs") and denials with respect to SIJS petitions filed pursuant to Cal. Civ. Proc. Code § 155 on the basis of its new requirement. *See, e.g.*, A.S.R. Decl. ¶ 5, Ex. C, ECF No. 12-2; L.C. Decl. ¶ 6, Ex. C, ECF No. 12-3; R.M. Decl. ¶ 6, Ex. D, ECF No. 12-4; I.Z.M. Decl. ¶ 5, Ex. C, ECF No. 12-5.[2] USCIS's reasoning in these NOIDs and denials makes clear that, in its view at the time, the new requirement foreclosed all SIJS petitions if the state court issued the SIJ Findings when the applicant was between ages 18 and 20.

In addition to outrightly denying SIJS petitions, USCIS unlawfully delayed adjudication of petitions indefinitely based on this requirement. Instead of adjudicating SIJS petitions within 180 days as the law requires (*see* 8 U.S.C. § 1232(d)(2)), USCIS began holding petitions for children who were 18 or over, leaving them in limbo and a state of anxiety for years. For example, A.O. submitted an I-360 petition on February 2, 2018, which was pending for 704 days before being approved. A.O. Decl. ¶¶ 4–5, ECF No. 12-1.[3] R.M. submitted a petition on December 8, 2016, and received a denial based on USCIS's new and unlawful requirement 616 days later. R.M. Decl. ¶¶ 5–6, ECF No. 12-4.[4] I.Z.M.'s January 13, 2017 petition was pending for 622 days before she received a denial. I.Z.M. Decl. ¶¶ 4–5. ECF No. 12-5.[5] L.C. submitted a petition on November 3, 2016, and was ultimately

---

[2] While the current litigation was pending, the I-360 petitions for all named Plaintiffs have been approved. *See* Robinson Decl. ¶¶ 22–26, ECF No. 53-1.
[3] A.O.'s I-360 petition was approved on January 6, 2020. Robinson Decl. ¶ 22, ECF No. 53-1.
[4] R.M.'s I-360 petition was approved on December 18, 2019. Robinson Decl. ¶ 25, ECF No. 53-1.
[5] I.Z.M.'s I-360 petition was approved on December 20, 2019. Robinson Decl. ¶ 26, ECF No. 53-1.

denied based on USCIS's new and unlawful requirement 678 days later, almost four times longer than allowed by law.  L.C. Decl. ¶¶ 5–6, ECF No. 12-3.[6]

### B. Relevant Procedural Background

Plaintiffs filed this action on September 27, 2019, and shortly thereafter, filed a motion for preliminary injunction.  *See* Class Action Complaint, ECF No. 1; Mot. for Prelim. Inj., ECF No. 10. In the motion for preliminary injunction, Plaintiffs requested that during the pendency of the action USCIS be enjoined from (1) denying SIJS petitions based on the reunification authority requirement; and (2) initiating removal proceedings against or removing SIJS petitioners who have been declared dependent on a juvenile court under Section 300 of the California Welfare and Institutions Code and whose SIJS petition has been denied based on the unlawful requirement.  Mot. for Prelim. Inj. at 25, ECF No. 10.  Plaintiffs also requested that the Court order Defendants to provide no less than 14 days' notice to Plaintiffs before taking adverse adjudicatory or enforcement action against Plaintiffs or the Proposed Class.  *Id.*

On May 1, 2020, the Court granted Plaintiffs' request for a preliminary injunction.  *A.O.*, 457 F. Supp. 3d at 796.  The Court found that Plaintiffs are likely to succeed on the merits, that Plaintiffs were likely to suffer irreparable harm absent a preliminary injunction, and that the balance of equities and the public interest weigh in favor of a preliminary injunction.  *Id.* at 791–96.  In granting the preliminary injunction, the Court considered Defendants' argument that Plaintiffs' claims were moot because (1) USCIS voluntarily abandoned the reunification authority requirement and (2) the Proposed Class members' SIJS petitions would be adjudicated in the course of administrating a settlement in *J.L. v. Cissna*, No. 18-cv-04914-NC (N.D. Cal.).  *Id.* at 787.  The Court found that Plaintiffs' claims were not rendered moot by USCIS's abandonment of the reunification authority requirement because Defendants fell "short of meeting the 'heavy burden of showing that the challenged conduct cannot reasonably be expected to start up again.'"  *Id.* at 790 (quoting *Am. Diabetes Ass'n*, 938 F.3d at 1152). The Court made this finding in part because the "rescission of the reunification authority requirement was [neither] broad in scope [nor] unequivocal in tone."  *Id.* at 788–89.

---

[6] L.C.'s I-360 petition was approved on December 23, 2019.  Robinson Decl. ¶ 24, ECF No. 53-1.

The Court also found that while Plaintiffs' and the Proposed Class members' SIJS petitions may be adjudicated in the course of administrating the *J.L.* settlement, that settlement offered no legal protection to Plaintiffs and the Proposed Class members. *Id.* at 791. "If removal proceedings were initiated against a proposed class member who did not have an order from a California probate court, they would not be able to use the *J.L.* settlement agreement to stop Defendants from taking action against them." *Id.* Accordingly, the *J.L.* settlement agreement does not moot Plaintiffs' and the Proposed Class members' claims. *Id.*

Shortly thereafter, the Court ordered the parties to engage in alternative dispute resolution before Magistrate Judge Ryu. *See* Case Management Order at 2, ECF No. 70; Second Settlement Conference Referral Order, ECF No. 72. While settlement discussions were ongoing, Plaintiffs filed a motion for class certification, which was fully briefed as of December 28, 2020 and remains pending. *See* Mot. for Class Cert., ECF No. 105; Opp. to Mot. for Class Cert., ECF No. 121; Reply in Support of Mot. for Class Cert., ECF No. 123.

### III.  ARGUMENT

#### A.  Standard of Review

To dissolve the preliminary injunction, Defendants must prove that "a significant change in facts or law warrants revision or dissolution of the injunction." *Sharp v. Weston*, 233 F.3d 1166, 1170 (9th Cir. 2000). The burden of proving such change rests solely on the moving party. *Id.* "A motion to modify or dissolve an injunction cannot be used to challenge the imposition of the original injunction." *U.S. ex rel. FTC v. Bus. Recovery Servs. LLC*, 488 F. App'x 188, 189–90 (9th Cir. 2012).

The Court's analysis under *Sharp* is two pronged. First, it must consider "whether the party seeking dissolution of the injunction has established 'a significant change in facts or law.'" *Karnoski v. Trump*, 926 F.3d 1180, 1198 (9th Cir. 2019) (quoting *Sharp*, 233 F.3d at 1170). If the moving party makes such a showing, the Court moves to the second prong of the analysis, whether dissolving the injunction is warranted in light of the change. *Id.* This portion of the inquiry is guided by the same criteria as the initial grant of the injunction (1) the likelihood of success on the merits; (2) the likelihood of irreparable harm; (3) the balance of equities; and (4) the public interest. *Id.* at 1198 n.14 (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). Unlike at the initial grant of the

injunction, however, "the burden with respect to these criteria is on the party seeking dissolution." *Id.* at 1198. Only if the Court finds that the moving party has satisfied its burden under both prongs of the standard set out in *Sharp* can it modify or dissolve the injunction.

### B. Defendants Fail to Show a Change in Facts or Law Warranting Reconsideration of the Preliminary Injunction.

Defendants do not identify any changed circumstances that would justify dissolving or modifying the preliminary injunction. Defendants' offer three "changes": the filing of Plaintiffs' class certification motion, the passage of time since the preliminary injunction was entered, and the adjudication of certain Proposed Class members' SIJS petitions. But these developments were clearly foreseeable to the Court when it entered the preliminary injunction and do not justify reconsidering the Court's prior determination that a preliminary injunction is appropriate.

First, Plaintiffs' filing of a motion for class certification is not a change in facts or law, and Defendants' challenge to the substance of Plaintiffs' class certification arguments—while more efficiently and appropriately addressed in that procedure—fails to show any material change in facts or law. As such, it cannot be the basis for dissolving the preliminary injunction. The substance of Defendants' argument on this point is that Plaintiffs "have failed to show that the named Plaintiffs still have a live stake in the outcome of the case" and that Plaintiffs have not identified enough class members. Mot. to Dissolve at 7-8, ECF No. 124. But these issues relate to class certification and indeed have already been fully briefed in connection with Plaintiffs' motion for class certification. *See* Mot. for Class Cert., ECF No. 105; Opp. to Mot. for Class Cert., ECF No. 121; Reply in Support of Mot. for Class Cert., ECF No. 123. They should be addressed by the Court in connection with that motion. As discussed more fully in the class certification briefing, Plaintiffs have standing to bring a class action because standing is determined as of the time the litigation was filed. *See Smith v. Sperling*, 354 U.S. 91, 93 n.1 (1957) ("jurisdiction is tested by the facts as they existed when the action is brought"). Defendants continue to ignore this legal principle. Moreover, the proposed class satisfies the numerosity requirement for a variety of reasons discussed in the class certification motion. Mot. for Class Cert. at 7–11, ECF No. 105; Reply in Support of Mot. for Class Cert. at 6–9, ECF No. 123.

1  Plaintiffs have established the requirements for class certification. *See* Mot. for Class Cert. at 7–14,
2  ECF No. 105.

3  Second, the passage of time is not a significant change in the facts or the law. Defendants cite
4  to the passage of time to rehash their prior arguments about the withdrawal of the reunification
5  authority requirement, because they cannot point to any actual change in the law. But "a subsequent
6  challenge to the injunctive relief must rest on grounds that could not have been raised before." *Alto v.*
7  *Black*, 738 F.3d 1111, 1120 (9th Cir. 2013); *see also Concrete Washout Sys., Inc. v. Neaton Cos., LLC*,
8  334 F. App'x 112, 113 (9th Cir. 2009) (affirming denial of motion to dissolve where appellant
9  presented no new facts warranting dissolution); *FTC v. Kutzner*, No. SA CV 16-00999-BRO, 2017
10 WL 5229182, at *6 (C.D. Cal. June 12, 2017) (motion to dissolve denied where it reargued the merits
11 of the initial preliminary injunction).

12  The rescission of the reunification authority requirement and much of the administration of the
13 *J.L.* settlement took place before the Court granted the preliminary injunction. The Court considered
14 Defendants' arguments when it granted the preliminary injunction. *A.O.*, 457 F. Supp. 3d at 787–91.
15 As the Court observed in granting the preliminary injunction:

> [T]he language in the press release explicitly limits the scope of the rescission by making clear that the "three adopted AAO decisions do not create legally binding rights or change substantive requirements." Indeed, in the press release, Acting Director Cuccinelli states that the reunification authority requirement is not contrary to federal law. Defendants cannot claim the benefit of voluntary cessation on such a carefully crafted rescission.

20 *Id.* at 789 (quoting Oct. 15, 2019 USCIS Press Release at 2, ECF No. 31-1). USCIS's rescission of
21 the reunification requirement is still just a carefully crafted reinterpretation that does not create legally
22 enforceable rights. *Id.* at 790. Moreover, Defendants still cannot point to any "discussion of
23 formalizing the renouncement of the reunification authority requirement in a rule-making or statutory
24 change." *Id.* at 789.

25  Third, the Court knew when it entered the preliminary injunction that Defendants were
26 readjudicating petitions for certain Proposed Class members as part of the *J.L.* settlement and properly
27 issued the preliminary injunction anyway. That USCIS has adjudicated SIJS petitions for some
28 Proposed Class members (whose names appear on the *J.L.* class list) does not affect the forward-

looking relief that Plaintiffs seek and that the preliminary injunction provides. It also does not prevent USCIS from adopting the reunification authority requirement in the future and revoking SIJS for those who were previously approved.

Defendants still refuse to grant Plaintiffs and the Proposed Class members any legal protection against use of the reunification authority requirement against them in the future. Even before this Court ordered the preliminary injunction, Defendants sought to escape accountability by reference to *J.L.*, arguing that "[a]t the very least, the Court should stay the proceedings" until "the *J.L.* settlement ha[d] been fully implemented." Defs.' Suppl. Br. in Opp'n to Pls.' Mot. for Prelim. Inj. at 3, 7, ECF No. 53. But the *J.L.* settlement does not provide legal protection to Plaintiffs or the Proposed Class members. Plaintiffs and the Proposed Class members are not members of the *J.L.* class, which is defined as "[c]hildren who have received or will receive guardianship orders pursuant to **California Probate Code § 1510.1(a)** and who have received or will receive denials of their SIJ status petitions on the grounds that the state court that issued the SIJ Findings lacked jurisdiction because the court did not have the authority to reunify the children with their parents." *J.L. v. Cissna*, No. 18-cv-04914, 2019 WL 415579, at *12 (N.D. Cal. Feb. 1, 2019) (emphasis added). Defendants' tactics are not new. "[T]he central issue—that members of the instant proposed class lack a legally-enforceable right— remains." *A.O.*, 457 F. Supp. 3d at 791.

In addition, Proposed Class members continue to be impacted by Defendants' prior unlawful application of the reunification authority requirement. Readjudication does not provide relief to Proposed Class members who left the country after receiving a denial or NOID thinking that they would not receive immigration relief for which they qualified. Readjudication offers no relief to Proposed Class members who received final orders of removal after their SIJS petitions were unlawfully denied.

As Defendants have failed to establish the "significant change in facts or law" required by the first prong of *Sharp*, the Court need not reconsider the preliminary injunction. *Karnoski*, 926 F.3d at 1198.

**C.    In Any Event, Dissolving or Modifying the Preliminary Injunction is Not Warranted.**

While the Court need not reconsider the preliminary injunction at all for the reasons discussed above, if the Court does so, an analysis of the relevant factors demonstrates that dissolving or modifying the preliminary injunction is not warranted. The facts that initially led the Court to grant the preliminary injunction demonstrate that its relief continues to be appropriate.

1. Defendants Do Not Argue That Any Significant Change in Facts or Law Affects the Court's Likelihood of Success Determination.

Defendants make no argument that "a significant change in facts or law" warrants overturning the Court's likelihood of success findings. When granting the preliminary injunction, the Court found that "the first *Winter* factor weighs heavily in favor of granting the preliminary injunction." *A.O.*, 457 F. Supp. 3d at 794. The Court found Plaintiffs were likely to succeed on their claim that the reunification authority requirement is arbitrary and capricious because (1) it contravenes federal and state law; (2) Defendants failed to provide a reasoned explanation for the new requirement; and (3) Defendants failed to follow required notice and comment procedures. *Id.*

Defendants' failure to challenge the Court's likelihood of success finding weighs heavily in favor of maintaining the preliminary injunction. *See Datatech Enters. LLC v. FF Magnat Ltd.*, No. C 12-04500 CRB, 2013 WL 1007360, at *5–6 (N.D. Cal. Mar. 13, 2013) (denying motion to dissolve injunction where challenger failed to show a significant change in facts or law affected the court's likelihood of success finding).

2. Plaintiffs Continue to Face Irreparable Harm Absent a Preliminary Injunction.

A preliminary injunction is warranted where a party shows they are "likely to suffer irreparable harm in the absence of preliminary relief" (*Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)) and courts have found intangible injuries may constitute irreparable harm. *See Ariz. Dream Act Coal. v. Brewer*, 757 F.3d 1053, 1068 (9th Cir. 2014).

Defendants' continuous attempts to evade legal accountability to Plaintiffs and the Proposed Class members throughout this litigation demonstrate that there has not been a change in circumstances such that Plaintiffs no longer face the risk of irreparable harm. Thus, Defendants cannot

carry their burden of showing such risk. As the Court found when granting the preliminary injunction, "'[l]osing eligibility for SIJ status and the benefits that go along with that status' constitutes irreparable harm." *A.O.*, 457 F. Supp. 3d at 794 (quoting *Moreno Galvez v. Cuccinelli*, 387 F. Supp. 3d 1208, 1218 (W.D. Wash. 2019)).

The "ample reasons" Plaintiffs set forth to demonstrate a risk of irreparable harm remain today. *Id.* Those reasons include the threat of removal from the United States—their home and community— and barriers to obtaining legal status and accompanying benefits, such as work authorization, access to health services, and educational or career opportunities. *See Perez-Olano v. Gonzalez*, 248 F.R.D. 248, 267 (C.D. Cal. 2008); *J.L. v. Cissna*, 341 F. Supp. 3d 1048, 1068–69 (N.D. Cal. 2018); Mot. for Prelim. Inj. at 20–24, ECF No. 10. The Court also concluded that Plaintiffs and the Proposed Class members face "emotional and psychological harms [that] will not be remedied by an award of damages and are, therefore, irreparable" absent a preliminary injunction. *A.O.*, 457 F. Supp. 3d at 795 (quoting *Moreno Galvez*, 387 F. Supp. 3d at 1218).

Defendants argue that Plaintiffs cannot establish irreparable harm, but this is an extension of the mootness arguments that Defendants have repeatedly—and unsuccessfully—argued to this Court in multiple rounds of briefing.

Defendants are still wrong. Defendants acknowledge there is a mootness exception in class actions but argue that it does not apply because Plaintiffs had not yet certified a class when USCIS began adjudicating their petitions. But Plaintiffs have repeatedly addressed this fallacy, most recently in their reply brief in support of class certification. *See* ECF No. 123 at 2–3; *see also Cty. of Riverside v. McLaughlin*, 500 U.S. 44, 52 (1991) (finding the court is not deprived of jurisdiction where "the class was not certified until after the named plaintiffs' claims had become moot"); *Gerstein v. Pugh*, 420 U.S. 103, 110 n.11 (1975) (noting that the claims of a class do not necessarily become moot when the class representatives' claims are terminated).

Defendants also argue again that USCIS's purported voluntary abandonment of the reunification authority requirement shows that Plaintiffs' claims are moot, but there is nothing new to this argument. USCIS still "do[es] not rebut Plaintiffs' arguments except to say that they will not reimpose the reunification authority requirement." *A.O.*, 457 F. Supp. 3d at 789. Defendants argue

that Plaintiffs have not proffered evidence that USCIS has applied the reunification authority requirement to Proposed Class members since this Court entered the preliminary injunction. Mot. to Dissolve at 9, ECF No. 124. But this is precisely the protection offered by the preliminary injunction. During the pendency of the action, USCIS is enjoined from denying SIJS petitions on the basis of the reunification authority requirement. *A.O.*, 457 F. Supp. 3d at 796. Defendants again point to the *J.L.* settlement, but that settlement offers Plaintiffs and the Proposed Class members no legal protection if the reunification authority requirement is applied to them.

Finally, that USCIS could revoke already approved SIJS Petitions is not "a creative conjecture." *See* Mot. to Dissolve at 11, ECF No. 124. Plaintiffs have shown that USCIS has previously revoked SIJS petitions citing the reunification authority requirement. *See* Reply in Support of Mot. for Class Cert. at 4, ECF No. 123 (citing *In re: 4508872*, 2020 WL 1637948, at *2 (AAO Mar. 18, 2020) (USCIS revoked SIJS petition after it had been approved in December 2018 finding that the New York Family Court was not acting as a juvenile court); *Matter of N-S-*, 2019 WL 6050321, at *2 (AAO Nov. 2019) (granted SIJ petition revoked because the New York Family Court's orders "lacked a qualifying determination regarding the viability of reunification with his parents, as they did not establish that the Family Court had jurisdiction over the Petitioner's custody")). Defendants attempt to distinguish these examples by once again claiming that the reunification authority requirement never applied to Plaintiffs and the Proposed Class members. But Plaintiffs have offered sufficient evidence that the reunification authority requirement was used to issue NOIDs and denials to children with Section 300 orders, and Defendants have not offered sufficient evidence to rebut that proposition.

For all of these reasons, Defendants cannot carry their burden of showing there is no risk of irreparable harm.

### 3. Balance of Equities and Public Interest Still Weigh in Plaintiffs' Favor.

The balance of the equities and the public interest factors merge when the government is a party. *See League of Wilderness Defs./Blue Mountains Biodiversity Project v. Connaughton*, 752 F.3d 755, 766 (9th Cir. 2014). The Court must "balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Winter*, 555 U.S. at 24 (quoting *Amoco Prod. Co. v. Gambell*, 480 U.S. 531, 542 (1987)).

The federal government cannot suffer harm from an injunction that simply requires it to follow its legal obligations. *See Abdi v. Duke*, 280 F. Supp. 3d 373, 410 (W.D.N.Y. 2017). "These factors weigh in favor of a preliminary injunction when plaintiffs have also established that the government's policy violates federal law." *A.O.*, 457 F. Supp. 3d at 795 (quoting *J.L.*, 341 F. Supp. 3d at 1070). Defendants fail to present any significant change in facts or law that would affect the Court's prior determination that Plaintiffs are likely to succeed on the merits—*i.e.*, that Defendants violated the law—so this factor continues to weigh in Plaintiffs' favor.

Further, despite repeated claims that the preliminary injunction is unduly burdensome, Defendants have notified Plaintiffs—in accordance with the preliminary injunction—of only three individuals against whom Defendants sought to take adverse adjudicatory or enforcement action and have identified no such individuals to Plaintiffs since August 2020. Defendants claim that the notice provision—which is a prophylactic measure designed to ensure proper implementation of the preliminary injunction that benefits both parties—is burdensome because it requires a manual review of 2,800 files.[7] Mot. to Dissolve at 13, ECF No. 124. at 13–14. But, as discussed above, individuals on the list still face the risk that the reunification authority requirement will be used to deny or revoke SIJS in the future and continue to be impacted by Defendants' prior unlawful application of the reunification authority requirement. Moreover, Defendants' burden claims have already been assessed by this Court. Though Defendants argue that abiding by the preliminary injunction "needlessly consumes government resources[,]" the Court previously found that "Defendants' burden here is mitigated by their ability to check for the existence of a SIJ petition as to any specific detainee without regard for the specific underlying statute at issues in the particular petition." Order Denying Request for Clarification at 2, ECF No. 90.

### D. Class-Wide Scope of the Preliminary Injunction Is Appropriate.

Following prior attempts to limit the scope of the preliminary injunction ordered by this Court, Defendants now seek to limit the scope to named Plaintiffs. *But this is precisely the point of the fully briefed class certification motion.* Defendants' collateral attack on that pending motion is

---

[7] Moreover, that the notice provision purportedly requires manual review of individual files is merely a result of Defendants' own record keeping limitations and failure to keep electronic files.

inappropriate. As noted by Defendants themselves in the instant motion, this Court's grant of the preliminary injunction stated that the scope of continued injunctive relief is appropriately dealt with *after* a ruling on class certification. Mot. to Dissolve at 5, ECF No. 124 (citing *A.O.*, 457 F. Supp. 3d at 796) ("[i]n the event that Plaintiffs are unable to justify certification of a class, the relief may be narrowed"). But, because Defendants have put the scope of the injunction at issue in their brief, Plaintiffs address Defendants' arguments while maintaining that this question—and all other class certification questions raised by Defendants' motion—should be addressed in connection with Plaintiffs' class certification motion, not this motion.

The preliminary injunction is narrowly tailored. Although relief "must be narrowly tailored to remedy the specific harm shown," "an injunction is not necessarily made over-broad by extending benefit or protection to persons other than prevailing parties in the lawsuit—even if it is not a class action—if such breadth is necessary to give prevailing parties the relief to which they are entitled." *Bresgal v. Brock*, 843 F.2d 1163, 1170–71 (9th Cir. 1987).

Defendants continue to argue that the application of the reunification authority requirement referenced in the named Plaintiffs' NOIDs and denials were isolated adjudicatory errors. But Defendants have failed to provide any evidence of this contention or evidence of a single SIJS petition predicated on a Section 300 order for an 18- to 20-year-old that was *approved* while the reunification authority requirement was in place. Defendants have also repeatedly argued that "USCIS trained its officers not to apply the RA Requirement to 'continuing jurisdiction cases,' including petitions based on Cal. WIC § 300" (Mot. to Dissolve at 3, ECF No. 124) without addressing Plaintiffs' counterargument in the class certification reply (ECF No. 38 at 6–7): the authority Defendants cite to for this assertion is from a training presentation dated December 2018, after the *J.L.* injunction was imposed on Defendants. See *A.O.* CAR, ECF No. 109-13 at 3000. Defendants explicitly cited the reunification authority requirement in the denials and NOIDs issued to four of the named Plaintiffs, noting, "[w]hile you have presented evidence that a court has found you dependent on the court, the evidence you submitted does not establish that the state court had jurisdiction under state law to make a legal conclusion about returning you to your parent(s)' custody." Reply in Support of Mot. for Prelim. Inj. at 3–5, ECF No. 38 (listing seven separate instances).

The scope of the preliminary injunction remains appropriately tailored to the requested relief.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendants' motion to dissolve or, alternatively, modify the preliminary injunction. Plaintiffs also respectfully submit that their class certification motion should be resolved before Defendants' motion is adjudicated.

Dated: February 16, 2021

By: */s/ Andrew B. Lichtenberg*

*Attorneys for Plaintiffs*

**MILBANK LLP**
THOMAS R. KRELLER
LINDA DAKIN-GRIMM
ANDREW B. LICHTENBERG
KATHERINE KELLY FELL
ASHLEY A. SATTERLEE

**SOUTHWESTERN LAW SCHOOL**
ANDREA RAMOS