1  DAVID L. ANDERSON (CABN 149604)
   United States Attorney
2  SARA WINSLOW (DCBN 457643)
   Chief, Civil Division
3  JAMES A. SCHARF (CABN 152171)
   Assistant United States Attorney
4  150 Almaden Blvd., Suite 900
   San Jose, California 95113
5  Telephone: (408) 535-5044
   FAX: (408) 535-5081
6  E-mail: james.scharf@usdoj.gov
7
8  KATELYN MASETTA-ALVAREZ
   Trial Attorney
9  United States Department of Justice
   Office of Immigration Litigation
10 katelyn.masetta.alvarez@usdoj.gov
11
   Attorneys for Defendants
12
13                    UNITED STATES DISTRICT COURT
14                  NORTHERN DISTRICT OF CALIFORNIA
15                        SAN JOSE DIVISION
16
17   A.O., et al.,                        Case No.  19-CV-06151 SVK
                          Plaintiffs,
18
                                          **DEFENDANTS' REPLY BRIEF IN**
     v.
19                                        **SUPPORT OF MOTION TO DISSOLVE**
                                          **OR, ALTERNATIVELY, MODIFY THE**
     KENNETH T. CUCCINELLI, et al.,[1]    **PRELIMINARY INJUNCTION**
20
                          Defendants.
21                                        **Hearing Date**: May 4, 2021 at 10:00am
                                          Videoconference
22

23

24 ─────────────────
   [1] Kenneth T. Cuccinelli is no longer the Acting Director of USCIS. As of the date of this Motion,
25 Tracy Renaud is the Senior Official Performing the Duties of the Director for USCIS. Likewise,
   Chad Wolf is no longer the Acting Secretary of Homeland Security; the Secretary as of the date
26 of this Motion is Alejandro Mayorkas. Thus, pursuant to Fed. R. Civ. P. 25(d), Defendants
   request that the Court substitute Tracy Renaud, Senior Official Performing the Duties of the
27 Director, for Kenneth Cuccinelli, and Alejandro Mayorkas, Secretary of the Department of
   Homeland Security, for Chad Wolf as named Defendants.
28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**TABLE OF CONTENTS**

**INTRODUCTION**..................................................................................................... 1

**ARGUMENT** ............................................................................................................ 2

   I.    **Plaintiffs failed to rebut the three significant changes in circumstances.**..................... 2

       *a.    Foreseeability is not the standard for determining whether the PI is still necessary.*... 2

       *b.    Plaintiffs' motion for class certification contained new evidence and legal developments that this Court should consider.* ................................................................... 3

       *c.    The passage of time is a factor the Court considers in determining whether USCIS's rescission of the RA Requirement is sufficiently entrenched.* ............................................... 4

       *d.    Plaintiffs' request for permanent relief is irrelevant because Defendants are not moving to dismiss at this stage; they are only moving to dissolve the preliminary relief.* ... 5

   II.    **The Court should dissolve the PI.** ................................................................................... 6

       *a.    Even assuming that Plaintiffs are likely to succeed on the merits of their claims, this does not affect the other PI factors.* ................................................................................... 6

       *b.    Plaintiffs inappropriately rely on mere possibilities in their attempt to show likelihood of irreparable harm.* ............................................................................................................... 7

   III.    **Because Plaintiffs cannot show that they likely face any irreparable harm, the balance of equities and the public interest now weigh in Defendants' favor.** ....................... 9

   IV.    **Alternatively, the Court should narrow the injunction.** ......................................... 11

**CONCLUSION** ........................................................................................................ 12

# TABLE OF AUTHORITIES

**Cases**

*Center for Food Safety v. Vilsack,*
636 F.3d 1166 (9th Cir. 2011) ................................................................................................ 8

*Citizens for Quality Educ. San Diego v. Barrera,*
333 F. Supp. 3d 1003 (S.D. Cal. 2018) .................................................................................. 6

*Cty. of Riverside v. McLaughlin,*
500 U.S. 44 (1991) ............................................................................................................. 3, 4

*Flexible Lifeline Sys., Inc. v. Precision Lift, Inc.,*
654 F.3d 989 (9th Cir. 2011) ................................................................................................. 6

*Hamidi v. Serv. Employees Int'l Union Local,*
*1000,* 386 F. Supp. 3d 1289 (E.D. Cal. 2019) ................................................................... 4, 5

*Lofton v. Verizon Wireless (VAW) LLC,*
586 F. App'x 420 (9th Cir. 2014) .......................................................................................... 7

*McFalls v. Purdue,*
No. 3:16-cv-2116-SI, 2018 WL 785866 (D. Or. Feb. 8, 2018) ............................................ 7

*Orantes-Hernandez v. Holder,*
321 F. App'x 625 (9th Cir. 2009) .......................................................................................... 2

*Slayman v. FedEx Ground Package Sys., Inc.,*
765 F.3d 1033 (9th Cir. 2014) ............................................................................................... 3

*TRW, Inc. v. F.T.C.,*
647 F.2d 942 (9th Cir. 1981) ................................................................................................. 7

*United States Parole Comm'n v. Geraghty,*
445 U.S. 388 (1980) .............................................................................................................. 4

*Winter v. Natural Resources Defense Council, Inc.,*
555 U.S. 7 (2009) ......................................................................................................... passim

**Statutes**

8 U.S.C. § 1101(a) ..................................................................................................................... 10

8 U.S.C. § 1255(h) ..................................................................................................................... 10

**INTRODUCTION**

Throughout their brief in opposition to Defendants' Motion to Dissolve or Modify the Preliminary Injunction, Plaintiffs continually ignore this simple fact: injunctive relief is inappropriate when there is no "likelihood" of irreparable harm while the litigation is pending. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 22 (2009). In fact, not once do Plaintiffs state that they are still "likely" to suffer irreparable harm in their entire brief. *See generally* ECF 126. Instead, they rely on the Court's May 2020 findings that Plaintiffs are likely to prevail on the merits and face irreparable harm, which the Court issued months before USCIS completed its adjudication of all known putative-class members' Special Immigrant Juvenile ("SIJ") petitions. But Plaintiffs' reliance is misplaced; Plaintiffs must continue to face a "likelihood" of irreparable harm to justify injunctive relief. Because Plaintiffs cannot show that they will likely suffer immediate, irreparable harm absent the Preliminary Injunction, ECF No. 67, ("the PI"), this exceptional relief is no longer appropriate.

Plaintiffs' attempt to paint the significant changes in circumstances as an "attempt to re-litigate the issues" in the class-certification motion is similarly misguided. Although the two motions rely on similar factual developments, the legal arguments are distinct. Plaintiffs' class-certification brief contained more than legal argument: Plaintiffs relied upon the pre-certification discovery they obtained to determine class numerosity, but they came up short when identifying putative-class members whose SIJ petitions remain pending or were denied, which was a factual change that justifies Defendants' instant motion. Plaintiffs' argument that the passage of time is irrelevant likewise misses the mark, as the Court considered the passage of time in determining whether USCIS's rescission of the Reunification Authority (RA) Requirement was sufficiently entrenched. PI Order, ECF No. 67, at 11. Now that almost a year has elapsed since the Court's order and USCIS has not re-adopted the RA Requirement, USCIS has further entrenched this policy, rendering it less likely that USCIS will resurrect it in the near future per the Court's analysis. For similar reasons, Plaintiffs' argument that the Court should not entertain the instant motion because the significant changes in law were "foreseeable" when the Court issued the PI

Reply ISO Motion to Dissolve Or, Alternatively, to Modify the Preliminary Injunction                    1
*A.O. v. Cuccinelli*, 19-cv-61510SVK

1    falls flat. Plaintiffs fail to point to any legal authority supporting their proposition that a court

2    may not review a preliminary injunction if changed circumstances were foreseeable, and

3    Defendants are unable to locate any such authority. In any event, this Court recognized that a

4    change in circumstances, namely Plaintiffs' inability to justify a class, could serve as a basis for

5    modifying the PI. PI Order, ECF No. 61, at 20. Because the significant changes in circumstances

6    demonstrate that Plaintiffs no longer face a likelihood of irreparable harm absent an injunction,

7    the Court should dissolve or, alternatively, modify the PI.

### ARGUMENT

**I.      Plaintiffs failed to rebut the three significant changes in circumstances.**

***a.        Foreseeability is not the standard for determining whether the PI is still necessary.***

11           Plaintiffs first argue that the Court should not consider the significant change in facts

12   because the Court could have foreseen these changes when it entered the PI. Opp. Brief, ECF

13   No. 126, at 11. But foreseeability is not the standard for determining whether a significant

14   change in circumstances warrants dissolving an injunction. Unsurprisingly, Plaintiffs point to no

15   legal authority supporting their bare assertion that foreseeable changed circumstances prevent the

16   Court from considering them once they actually occur. Rather, the standard is simply whether

17   there has been a change in circumstances warranting the Court's review of the injunctive relief.

18   *Orantes-Hernandez v. Holder*, 321 F. App'x 625, 628 (9th Cir. 2009) (stating that the party

19   seeking dissolution "bears the initial burden of establishing that a significant change in facts or

20   law warrants revision or dissolution of the injunction."). Thus, even if this Court anticipated that

21   USCIS would complete its adjudication of all SIJ petitions when it entered the PI in May 2020,

22   the fact that USCIS has adjudicated all potential known class members' petitions—with a 96%

23   approval rate—is a significant change of the facts. Further, the Court foresaw that there could be

24   changes in circumstances affecting the necessity of the PI. PI Order, ECF No. 67, at 20 ("In the

25   event that Plaintiffs are unable to justify certification of a class, the relief may be narrowed.").

26   As such, the Court should consider this pertinent change in determining whether Plaintiffs still

27

28   Reply ISO Motion to Dissolve Or, Alternatively, to Modify the Preliminary Injunction          2
     *A.O. v. Cuccinelli*, 19-cv-61510SVK

1    face a likelihood of irreparable harm and whether the balance of equities and public interest still

2    weigh in Plaintiffs' favor.

3        b.    ***Plaintiffs' motion for class certification contained new evidence and legal
              developments that this Court should consider.***

4

5        Next, Plaintiffs' assertion that their class-certification motion is not a change in fact or

6    law fails to acknowledge that Plaintiffs relied upon new facts in their class-certification briefing

7    that were based upon court-ordered discovery. *See, e.g.*, Mot. for Class Cert., ECF No. 105, at 13

8    ("Using discovery provided by Defendants, Plaintiffs' counsel have been able to identify 10

9    additional Proposed Class members."). Plaintiffs completed their discovery of potential class

10   members after the Court entered the PI (*see* Decl. of A. Satterlee, ECF No. 106, ¶ 11); thus, the

11   information about the number of potential class members was unavailable at the time the Court

12   entered the PI. Plaintiffs even submitted *evidence* to support their class-certification motion: they

13   submitted declarations stating the number of putative-class members that they were able to

14   identify along with the status of their SIJ petitions. Decl. of A. Satterlee, ECF No. 106, and Decl.

15   of A. Ramos, ECF No. 107. This new evidence, which was previously unavailable for the Court

16   to consider, is a significant change in fact that warrants this Court's review of the class-wide PI.

17       Moreover, Plaintiffs' reliance on the fact that they had standing at the time they filed their

18   Complaint does not help their cause. As Plaintiffs' claims became moot *before* they moved to

19   certify a class, their motion for class certification cannot succeed, and they therefore cannot

20   support a claim for class-wide injunctive relief. *Slayman v. FedEx Ground Package Sys., Inc.*,

21   765 F.3d 1033, 1048 (9th Cir. 2014). Indeed, the case to which Plaintiffs cite as support of their

22   proposition that the Court may certify a class after the named Plaintiffs' claims are moot, does

23   not apply here. *See* Opp. Brief, ECF No. 126, at 15 (citing to *County of Riverside v. McLaughlin*,

24   500 U.S. 44, 52 (1991)). In *County of Riverside*, the Supreme Court held that a court may certify

25   a class after the named plaintiffs' claims have become moot when the class members' claims are

26   "so inherently transitory" that the trial court is unable to determine the issue before the named

27

28   Reply ISO Motion to Dissolve Or, Alternatively, to Modify the Preliminary Injunction            3
     *A.O. v. Cuccinelli*, 19-cv-61510SVK

1   plaintiffs' claims expire. 500 U.S. at 52 (citing *United States Parole Comm'n v. Geraghty,* 445

2   U.S. 388, 399 (1980)). Plaintiffs, however, did not argue in the class-certification motion that

3   their claims are "so inherently transitory" that it would have been impossible for the Court to

4   determine them before they expired. *See generally* Mot. for Class Cert., ECF No. 105. Nor can

5   they: according to Plaintiffs' own legal theory, USCIS generally takes more than 180 days to

6   process proposed class members' SIJ petitions. *Id.* at 9 ("Instead of adjudicating SIJS petitions

7   within 180 days as the law requires…USCIS began holding petitions for children over 18,

8   leaving them in limbo and in a state of anxiety for years."). Plaintiffs cannot now argue that their

9   claims are inherently transitory when their own arguments in support of class certification cut

10  against this legal theory. Thus, Plaintiffs' reliance on the "so inherently transitory" rule does not

11  change their failure to justify class-wide relief.

12      c.      ***The passage of time is a factor the Court considers in determining whether***
                ***USCIS's rescission of the RA Requirement is sufficiently entrenched.***
13

14          Plaintiffs dispute that the passage of time is a significant change in circumstance.

15  According to Plaintiffs, if the passage of time were a reason to dissolve a preliminary injunction,

16  entering a preliminary injunction would be a waste of the court's resources because the

17  defendant could always seek dissolution after some time has passed. Opp. Brief, ECF No. 126, at

18  5. Their assertion contravenes the Court's PI analysis and well-established case law. The time

19  period that had elapsed since USCIS rescinded the RA Requirement was one of the factors that

20  the Court looked at when determining whether USCIS's rescission of the RA Requirement was

21  sufficiently entrenched and whether Plaintiffs were likely to suffer irreparable harm; thus, time is

22  a relevant factor. *See* PI Order, ECF No. 67, at 11, 19; *see also Hamidi v. Serv. Employees Int'l*

23  *Union Local 1000*, 386 F. Supp. 3d 1289, 1297 (E.D. Cal. 2019) (finding that a change in policy

24  that occurred "almost a year ago" demonstrated that the defendant's wrongful behavior could not

25  reasonably be expected to recur). If the rescission is sufficiently entrenched, there is no

26  likelihood that Plaintiffs will suffer immediate, irreparable harm as a result of the challenged

27

28  Reply ISO Motion to Dissolve Or, Alternatively, to Modify the Preliminary Injunction          4
    *A.O. v. Cuccinelli*, 19-cv-61510SVK

1    action. Now that over a year—16 months—has elapsed since USCIS rescinded the RA

2    Requirement, per the Court's analysis, USCIS is less likely to resurrect the abandoned

3    requirement than it was when the Court issued the PI. PI Order, ECF No. 67, at 19; *Hamidi*, 386

4    F. Supp. 3d at 1297.

5           ***d.***   ***Plaintiffs' request for permanent relief is irrelevant because Defendants are not***

6               ***moving to dismiss at this stage; they are only moving to dissolve the preliminary relief.***

7           Plaintiffs' request for "forward-looking relief" and relief for individuals who left the

8    United States (ECF No. 126 at 12–13) does not change the Court's analysis as to whether a

9    change in circumstances has affected Plaintiffs' likelihood of irreparable harm while the

10   litigation is pending. Plaintiffs may continue pursuing their forward-looking relief, as well as

11   relief for individuals who supposedly left the United States before USCIS re-adjudicated their

12   SIJ petitions, without a preliminary injunction in place. Nonetheless, Defendants refute

13   Plaintiffs' assertion that Defendants have not provided them any "legal protection against use of

14   the reunification authority requirement against them in the future." (*Id.* at 13). It is undisputed

15   that the Administrative Appeals Office ("AAO") has issued adopted decisions rescinding the

16   requirement and that USCIS updated its policy manual reflecting the rescission. And although

17   Plaintiffs complain that the *J.L.* settlement provided them no legal protection (*id.*), USCIS has

18   now re-adjudicated the SIJ petitions for all known putative-class members, which Plaintiffs do

19   not seem to dispute.

20          Plaintiffs' contention that re-adjudication does not provide relief to class members "who

21   left the country after receiving a denial or NOID" (*id.*) is likewise irrelevant to this inquiry. The

22   current PI does not provide this type of relief to individuals who are outside of the United States,

23   so it is unclear how seeking this relief affects the changed circumstances as they relate to the

24   necessity of the PI. Further, Plaintiffs' assertion is highly speculative, as they have not provided

25   any information or evidence that any putative-class members left the country because they

26   received a denial or a NOID due to the RA Requirement. *See generally* Compl., ECF No. 1.

27

28   Reply ISO Motion to Dissolve Or, Alternatively, to Modify the Preliminary Injunction       5
     *A.O. v. Cuccinelli*, 19-cv-61510SVK

1    Thus, even if the Court were to deny the instant motion, the current PI would not change the

2    circumstances of putative-class members who have left the United States, to the extent such

3    individuals even exist.

4          **II.      The Court should dissolve the PI.**

5          *a.      Even assuming that Plaintiffs are likely to succeed on the merits of their claims,
            this does not affect the other PI factors.*

6

7          As to the merits of whether injunctive relief remains necessary, Plaintiffs' argument that

8    Defendants did not argue likelihood of success on the merits fails. Even if Defendants did not

9    challenge the Court's likelihood-of-success-on-the-merits finding, that does not change the fact

10   that Plaintiffs must show a likelihood that they will suffer irreparable harm or that the balance of

11   the equities and public interest must weigh in their favor. Indeed, the Ninth Circuit has

12   confirmed as much. Given that the Supreme Court rejected as "too lenient" the standard that a

13   moving party need only show a possibility of harm, the Ninth Circuit held that "surely a standard

14   which presumes irreparable harm without requiring any showing at all is also 'too lenient.'"

15   *Flexible Lifeline Sys., Inc. v. Precision Lift, Inc.*, 654 F.3d 989, 997 (9th Cir. 2011) (quoting

16   *Winter*, 555 U.S. at 22). Thus, even assuming *arguendo* that Plaintiffs are likely to succeed on

17   the merits, they still must show a likelihood that they will suffer irreparable harm without an

18   injunction in place, which they cannot do.

19         To the extent that Plaintiffs rely on the Court's previous holding regarding mootness

20   (ECF No. 126 at 14), they miss the point. Mootness goes to the merits of the case, and the Court

21   has found that the voluntary-cessation exception keeps Plaintiffs' claims alive. PI Order, ECF

22   No. 67, at 12. The voluntary-cessation exception, however, does not save their irreparable-harm

23   claim. "Although a defendant's post-complaint conduct may not moot a case such that a court

24   lacks jurisdiction, changes in a defendant's conduct 'may…render certain aspects of Plaintiffs'

25   originally-alleged harm no longer imminent.'" *Citizens for Quality Educ. San Diego v. Barrera*,

26   333 F. Supp. 3d 1003, 1028 (S.D. Cal. 2018) (holding that it was "appropriate" to consider

27

28   Reply ISO Motion to Dissolve Or, Alternatively, to Modify the Preliminary Injunction          6
     *A.O. v. Cuccinelli*, 19-cv-61510SVK

1    whether the school board's "revised policy" affected Plaintiffs' ability to show that they are

2    entitled to preliminary relief, even though the voluntary-cessation exception to mootness applied)

3    (quoting *McFalls v. Purdue*, No. 3:16-cv-2116-SI, 2018 WL 785866, at *10 (D. Or. Feb. 8,

4    2018)). In other words, "even where the defendant's voluntary cessation does not moot a claim

5    for injunctive relief," courts "consider cessation of the alleged misconduct in determining

6    whether the plaintiff has carried his burden of demonstrating a likelihood of irreparable

7    harm." *Lofton v. Verizon Wireless (VAW) LLC*, 586 F. App'x 420, 421 (9th Cir. 2014) (holding

8    that the plaintiff could not show irreparable harm because the defendant's new policy prevented

9    the challenged conduct, and there was no "likelihood" that the defendant would reinstate the

10   challenged conduct) (citing *TRW, Inc. v. F.T.C.*, 647 F.2d 942, 953–54 (9th Cir. 1981)). USCIS's

11   cessation is relevant here.

12          Thus, even if the Court still finds that the voluntary-cessation exception to mootness

13   applies, the Court must still consider USCIS's continued rescission of the RA Requirement along

14   with USCIS's recent completion of adjudicating all known *A.O.* class members' petitions to

15   determine whether Plaintiffs face irreparable harm. Plaintiffs still must face a likely, immediate

16   threat of losing eligibility for SIJ classification to maintain preliminary relief, irrespective of the

17   Court's voluntary-cessation holding. *Lofton*, 586 F. App'x at 421.

18          ***b. Plaintiffs inappropriately rely on mere possibilities in their attempt to show likelihood
             of irreparable harm.***

19

20          Plaintiffs nonetheless claim that they face a "risk" of losing their eligibility for SIJ

21   classification. Opp. Brief, ECF No. 126, at 14–15. But a mere risk or possibility of harm is

22   insufficient to show that harm is likely. *Winter*, 555 U.S. at 22. To be clear, there is no

23   immediate threat that the named Plaintiffs—whose SIJ petitions have been approved—or

24   putative-class members—the vast majority of whom have approved petitions—will lose

25   eligibility for SIJ classification. *See* Mot. to Dissolve, ECF No. 124, at 15–19.

26

27

28

1    Plaintiffs still hold tight to the allegations set forth in their motion for a preliminary

2    injunction, which they filed months before the named Plaintiffs' SIJ petitions were approved and

3    over a year before USCIS completed adjudication of all putative-class members' SIJ petitions.

4    They state that they still face the threat of removal and "barriers to obtaining legal status and

5    accompanying benefits." Opp. Brief, ECF No. 126, at 15. However, unidentified alleged harms

6    based on future agency decisions are "premature," and if an agency decision later aggrieves

7    Plaintiffs, they may challenge it and seek preliminary relief. *Center for Food Safety v. Vilsack*,

8    636 F.3d 1166, 1174 (9th Cir. 2011) (holding that injunctive relief was not necessary to guard

9    against any "present or imminent risk of likely irreparable harm" where the plaintiffs alleged that

10    a future agency decision would deprive them of their legal rights). Thus, Plaintiffs' reliance on

11    the possibility of a future agency action to show a likelihood of irreparable harm is premature

12    and cannot justify injunctive relief. Further, even assuming that Plaintiffs could obtain injunctive

13    relief based on a possible future agency action, it remains unclear how Plaintiffs face immediate

14    "barriers" to obtaining legal status. Indeed, almost all putative-class members, and all five named

15    Plaintiffs, are either lawful-permanent residents or eligible to apply for lawful-permanent

16    residence (Decl. of M. Valverde, ECF Nos. 121-1, 124-1), and Plaintiffs have not identified one

17    named Plaintiff or any putative-class member that faces an imminent threat of removal. Other

18    than Plaintiffs' speculation that they may one day lose their SIJ classification because USCIS

19    could readopt the RA Requirement, Plaintiffs face no such threat.

20    Next, Plaintiffs appear to argue that the PI is what is preventing Defendants from

21    reapplying the RA Requirement, and therefore dissolving the PI could result in USCIS

22    readopting the requirement. Opp. Brief, ECF No. 126, at 15–16. This assumption lacks support.

23    Defendants stopped applying the RA Requirement because USCIS rescinded it by revising its

24    policy manual and issuing three adopted AAO decisions in October 2019, several months before

25    the Court issued the PI in this case. The Court recognized as much when it issued the PI. PI

26

27

28    Reply ISO Motion to Dissolve Or, Alternatively, to Modify the Preliminary Injunction          8
     *A.O. v. Cuccinelli*, 19-cv-61510SVK

1    Order, ECF No. 67, at 11. Thus, dissolving the PI is not likely to result in USCIS readopting the

2    challenged conduct.

3          Lastly, Plaintiffs defend their creative conjecture that Defendants will someday revoke

4    SIJ petitions by citing to two unrelated AAO decisions arising out of New York. Opp. Brief,

5    ECF No. 126, at 16. They argue that these two New York guardianship cases—which the AAO

6    reversed as erroneous—out of the tens of thousands of SIJ petitions that USCIS adjudicates each

7    year, is sufficient to show that USCIS is likely to resurrect the RA Requirement and then revoke

8    Plaintiffs' SIJ petitions. As explained in Defendants' Motion to Dissolve, their assertion is wildly

9    speculative and cannot serve the basis for injunctive relief. *See* Mot. to Dissolve, ECF No. 124,

10   at 17–18. Further, contrary to Plaintiffs' assertion that Defendants have not offered evidence to

11   rebut Plaintiffs' proposition based on these two AAO decisions, USCIS has submitted evidence

12   demonstrating that USCIS would not revoke on such a basis. USCIS has provided: (a) a sworn

13   declaration from its deputy director stating that USCIS would not revoke an already approved

14   petition by retroactively applying the RA Requirement (ECF 124-1); (b) a binding administrative

15   decision stating that USCIS may not retroactively apply a new policy to change a prior

16   adjudication (ECF No. 124 at 16–17); and (c) training materials showing that USCIS should not

17   have applied the RA Requirement to *A.O.* putative-class members in the first place (ECF No.

18   109-13 at 41, 44). Accordingly, Plaintiffs' reliance on these two distinguishable administrative

19   decisions to support their speculative-legal theory cannot form the basis for the "extraordinary

20   relief" provided in a preliminary injunction. *Winter*, 555 U.S. at 24

21   **III.    Because Plaintiffs cannot show that they likely face any irreparable harm, the**
22             **balance of equities and the public interest now weigh in Defendants' favor.**

23         Plaintiffs have not shown that the balance of equities and the public interest still weigh in

24   their favor given that all putative-class members' SIJ petitions have been adjudicated and USCIS

25   has not reapplied the RA Requirement to any individual, let alone a known putative-class

26   member. Plaintiffs first argue that a preliminary injunction requiring Defendants to "follow

27

28

1    [their] legal obligations" does not cause Defendants harm. Opp. Brief, ECF No. 126, at 17. This

2    argument is unavailing. Even assuming *arguendo* that applying the RA Requirement to putative-

3    class members violated the Administrative Procedure Act, two of the prongs of the PI are not in

4    line with current law or guidance. No law or policy requires ICE to give an individual with a

5    final-removal order 14 days' notice before being removed, nor does any law or policy prevent

6    the government from removing an individual who is eligible for SIJ classification. Indeed, the

7    government may remove individuals who have final-removal orders even if they have approved

8    SIJ petitions because SIJ classification, by itself, does not confer lawful status. *See* 8 U.S.C.

9    § 1101(a)(27(J) (explaining the requirements for SIJ classification, but silent as to what status SIJ

10   classification provides); 8 U.S.C. § 1255(a), (h) (stating that individuals who are classified as

11   special immigrant juveniles may *apply* for adjustment of status, but making no mention as to

12   what status SIJ classification, by itself, provides). Thus, requiring the government to refrain from

13   removing individuals or to give notice before removing individuals who may qualify for SIJ

14   classification, especially those who present a significant danger to the community, is not

15   requiring the government to follow the law.

16          In addition, Plaintiffs' continued reliance on their alleged harm falls flat. For the reasons

17   explained in Section II.b, *supra.*, Plaintiffs have not shown, and cannot show, that they are likely

18   to face immediate, irreparable harm. The utter lack of harm to Plaintiffs cannot outweigh the

19   government's interest in quickly removing individuals who present a significant danger to the

20   community or national-security concerns along with the government's interest in conserving its

21   limited resources. Further, even if the Court's order enjoining USCIS from applying the RA

22   Requirement does not cause USCIS direct harm, Plaintiffs' request for extraordinary relief in the

23   form of a PI is not a right to which Plaintiffs are entitled; Plaintiffs must still demonstrate that

24   they will face some harm without the PI. *Winter*, 555 U.S. at 24 ("[A] preliminary injunction is

25   an extraordinary remedy *never awarded as of right*.") (emphasis added). As such, the scales

26   weigh in favor of the government.

27

28

1          **IV.     Alternatively, the Court should narrow the injunction.**

2                  First, Plaintiffs' argument that the Court may only determine whether to narrow the scope

3     of relief after it determines class certification is unpersuasive. The Court stated that "in the event

4     that Plaintiffs are unable to *justify* certification of the class, the relief may be narrowed"; the

5     Court did not state that relief may be narrowed only once the Court denies the class-certification

6     motion. PI Order, ECF No. 67, at 20 (emphasis added). Based on Plaintiffs' class-certification

7     motion and the evidence they provided to support it, as well as USCIS's recent adjudication of

8     all putative-class members' SIJ petitions, Plaintiffs cannot justify class certification or class-wide

9     relief. Rather than deciding two separate motions, the Court may decide whether to certify a

10    class and whether to dissolve or modify the PI together to conserve resources as they involve

11    similar legal arguments and facts.

12                 Next, Plaintiffs appear to argue that because the training materials came after the *J.L.*

13    court issued a preliminary injunction, the Court should not consider the trainings as evidence that

14    USCIS erred in applying the RA Requirement to four of the five named Plaintiffs. It is unclear

15    why this timeline is relevant. As Plaintiffs point out several times throughout their brief, the *J.L.*

16    class was limited to individuals who submitted probate-court-guardianship orders in support of

17    their SIJ petitions. Opp. Brief, ECF No. 126, at 13. But the training materials that post-date the

18    *J.L.* preliminary injunction relate to individuals who have juvenile-court orders, such as the

19    named Plaintiffs and putative-class members, and are silent about individuals with probate-court

20    orders. ECF No. 109-13 at 41, 44. Thus, USCIS did not issue these training materials in response

21    to the *J.L.* preliminary injunction, as Plaintiffs appear to suggest, but rather to explain when a

22    court has continuing jurisdiction over an individual after they turn 18. USCIS's training manuals

23    clarify that adjudicators should not apply the RA Requirement to individuals who submit

24    dependency orders, like the named Plaintiffs and putative-class members. Accordingly, it is

25    unlikely that USCIS had a policy of applying the RA Requirement to putative-class members;

26    instead, the handful of cases that Plaintiffs cite to seem to be isolated adjudicator errors.

27

28

**CONCLUSION**

For the foregoing reasons, Defendants request that this Court dissolve the PI. If the Court determines that dissolution is not appropriate at this time, the Court should alternatively narrow the scope of the PI to the named Plaintiffs, as Plaintiffs cannot justify class-wide relief.

Respectfully submitted,

DATED:  February 23, 2021                    DAVID L. ANDERSON
                                             United States Attorney


                                             */s/ James A. Scharf*
                                             JAMES A. SCHARF
                                             Assistant United States Attorney


                                             BRIAN BOYNTON
                                             Acting Assistant Attorney General
                                             Civil Division

                                             WILLIAM C. PEACHEY
                                             Director, Office of Immigration Litigation
                                             District Court Section

                                             WILLIAM C. SILVIS
                                             Assistant Director
                                             Office of Immigration Litigation
                                             District Court Section

                                             */s/ Katelyn Masetta-Alvarez*
                                             KATELYN MASETTA-ALVAREZ
                                             Trial Attorney
                                             United States Department of Justice
                                             Office of Immigration Litigation  - District
                                             Court Section
                                             P.O. Box 868, Ben Franklin Station
                                             Washington, D.C. 20044
                                             (202) 514-0120
                                             Katelyn.masetta.alvarez@usdoj.gov

                                             *Attorneys for Defendants*

Reply ISO Motion to Dissolve Or, Alternatively, to Modify the Preliminary Injunction          12
*A.O. v. Cuccinelli*, 19-cv-61510SVK