Thomas R. Kreller (CA 161922)
TKreller@milbank.com
Linda Dakin-Grimm (CA 119630)
LDakin-grimm@milbank.com
Andrew B. Lichtenberg (*pro hac vice*)
ALichtenberg@milbank.com
Katherine Kelly Fell (*pro hac vice*)
KFell@milbank.com
Ashley A. Satterlee (*pro hac vice*)
ASatterlee@milbank.com
MILBANK LLP
2029 Century Park East, 33rd Fl.
Los Angeles, CA 90067
Telephone: 424-386-4000
Facsimile: 213-892-4704

STEPHANIE M. HINDS (CABN 154284)
Acting United States Attorney
SARA WINSLOW (DCBN 457643)
Chief, Civil Division
JAMES A. SCHARF (CABN 152171)
Assistant United States Attorney
150 Almaden Blvd., Suite 900
San Jose, California 95113
 (415) 912-6370 (cell)
james.scharf@usdoj.gov

Andrea Ramos (CA 162531)
aramos@swlaw.edu
Clinical Professor of Law
Director of Immigration Law Clinic
Southwestern Law School
3050 Wilshire Boulevard
Los Angeles, CA 90010
Telephone: 213 738-7922
Facsimile: 213 738-5751
*Attorneys for Plaintiffs*

ELIZABETH R. VEIT (NYRN 4953279)
Trial Attorney
United States Department of Justice
Office of Immigration Litigation
(202) 598-0813 (office)
Elizabeth.R.Veit@usdoj.gov

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.O., et al., | Case No. 5:19-CV-06151-SVK |
| Plaintiffs, | |
| | **JOINT MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT AND APPROVAL OF NOTICE TO CLASS OF SETTLEMENT** |
| v. | |
| UR M. JADDOU[1], et al., | Date:  TBD |
| Defendants. | Time:  TBD |
| | Ctrm:  6 |
| | Action Filed:  September 27, 2019 |

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Director Ur M. Jaddou is automatically substituted for former Acting Director Tracy Renaud.

# TABLE OF CONTENTS

**Page(s)**

I.    INTRODUCTION ...............................................................................................................2

II.   SUMMARY OF THE CASE ..............................................................................................3

    A.    Facts Alleged by Plaintiffs.......................................................................... 3

    B.    Summary of the Proceedings ....................................................................... 4

III.  SUMMARY OF THE SETTLEMENT AGREEMENT.......................................................6

    A.    Non-Monetary Relief ................................................................................... 6

    B.    Release of All Claims Against Defendants................................................. 10

    C.    Other Provisions......................................................................................... 10

        1.    "Notice of Compliance" Reports ....................................................10

        2.    Attorneys' Fees, Costs, and Expenses ............................................ 12

IV.   THE SETTLEMENT SATISFIES THE REQUIREMENTS FOR PRELIMINARY
    APPROVAL. ....................................................................................................................12

    A.    Legal Standard for Preliminary Approval.................................................. 12

    B.    The Settlement Agreement Satisfies the Standard for Preliminary Approval ........... 13

        1.    The Settlement Agreement is the product of serious, informed, non-
            collusive, and good-faith negotiations. ...........................................13

        2.    The Settlement Agreement has no obvious deficiencies .................................14

        3.    The Settlement Agreement does not improperly grant preferential
            treatment to the Named Plaintiffs or Segments of the Class. .........................14

        4.    The Settlement Agreement Falls Within the Range of Possible Approval......15

    C.    The Settlement Agreement and Notice Plan Satisfy Rule 23 ..................... 15

V.    PROPOSED SCHEDULE AND FINAL APPROVAL HEARING.......................................16

VI.   CONCLUSION...................................................................................................................16

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adkins v. Facebook, Inc.*,
  No. C 18-05982 WHA, 2020 WL 6710086 (N.D. Cal. Nov. 15, 2020) ................................13

*Bisaccia v. Revel Sys. Inc.*,
  No. 17-CV-02533-HSG, 2019 WL 861425 (N.D. Cal. Feb. 22, 2019) .......................3, 13, 14

*In re Bluetooth Headset Products Liab. Litig.*,
  654 F.3d 935 (9th Cir. 2011) ........................................................................................14

*Ma v. Covidien Holding, Inc.*,
  No. SACV 12-02161-DOC, 2014 WL 360196 (C.D. Cal. Jan. 31, 2014)............................13

*Nat'l Rural Telecomms. Coop. v. DirecTV, Inc.*,
  221 F.R.D. 523 (C.D. Cal. 2004) ..................................................................................13

*Rodriguez v. West Publishing*,
  563 F.3d 948 (9th Cir. 2009) ........................................................................................13

*The C.R. Educ. & Enf't Ctr. v. RLJ Lodging Tr.*,
  No. 15-CV-0224-YGR, 2016 WL 314400 (N.D. Cal. Jan. 25, 2016) ...................................15

*In re Toys R Us*,
  295 F.R.D. 438 (C.D. Cal. 2014) ..................................................................................14

**Statutes**

5 U.S.C. § 504 .............................................................................................................12

8 U.S.C. § 1101(a)(27)(J) ...........................................................................................3, 4

8 U.S.C. § 1101(b)(1) .................................................................................................3, 4

8 U.S.C. § 1153(b)(4) .....................................................................................................3

8 U.S.C. § 1232(d)(2) .....................................................................................................4

8 U.S.C. § 1232(d)(4)(A) ................................................................................................3

8 U.S.C. § 1232(d)(6) ...................................................................................................3, 4

8 U.S.C. § 1255(h) ..........................................................................................................3

8 U.S.C. § 1427...............................................................................................................3

28 U.S.C. § 2412(d) .................................................................................................12

Cal. Civ. Proc. Code § 155 ....................................................................................4, 7

Cal. Civ. Proc. Code § 155(a)(1) ...............................................................................4

Cal. Welf. & Inst. Code § 303 ...............................................................................5, 7

Cal. Welf. & Inst. Code § 361.6 .................................................................................5

**Other Authorities**

8 C.F.R. § 204.11(a).....................................................................................................5

8 C.F.R. § 204.11(c)(3)-(6).........................................................................................4

JOINT MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT AND
APPROVAL OF NOTICE TO CLASS OF SETTLEMENT

<u>**NOTICE OF MOTION AND MOTION FOR**</u>

<u>**PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND APPROVAL OF**</u>

<u>**NOTICE TO CLASS OF SETTLEMENT**</u>

PLEASE TAKE NOTICE that on August 24, 2021 at 10:00 a.m., or as soon thereafter as the motion may be heard, at the United States District Court of the Northern District of California, San Jose Division, before the Honorable Susan van Keulen, Plaintiffs A.O., A.S.R., L.C., R.M., and I.Z.M. (collectively, "Plaintiffs"), individually and on behalf of those similarly situated, and Defendants Ur M. Jaddou, Director of United States Citizenship and Immigration Services ("USCIS"), Terri Robinson, Director of the National Benefits Center, Alejandro N. Mayorkas, Secretary of the Department of Homeland Security ("DHS"), as well as USCIS and DHS ("Defendants") (with Plaintiffs and Defendants collectively referred to herein as the "Parties"), will and hereby do jointly move for Preliminary Approval of the Settlement Agreement of the above-captioned class action, and for approval of notice to the Class of the Settlement Agreement, pursuant to Federal Rule of Civil Procedure 23(e).

The Parties respectfully seek an order preliminarily approving the Settlement Agreement, ordering notice of the settlement to be sent to the Class, as outlined in Section IV of the Settlement Agreement (*see* Declaration of Katherine Kelly Fell, Ex. A), and setting a date for Final Approval of the Settlement Agreement and a schedule for related filings, notices, and events. This motion is made pursuant to Federal Rule of Civil Procedure 23(e). The Parties' Motion is based on this Notice of Motion and Motion for Preliminary Approval of Class Action Settlement and Approval of Notice to Class of Settlement, the accompanying Memorandum in Support of the Unopposed Motion for Preliminary Approval of Class Action Settlement Agreement, the Declaration of Katherine Kelly Fell, and all exhibits thereto, all pleadings on file, and such other support as may be presented to the Court.

**MEMORANDUM IN SUPPORT OF JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

## I.    INTRODUCTION

The Parties respectfully seek preliminary approval of the class action settlement ("Settlement Agreement") of the claims that Plaintiffs and the proposed Class brought challenging the Reunification-Authority Requirement.   The Settlement Agreement, if approved, will provide significant non-monetary relief to any Persons who have been declared dependent on a juvenile court under Section 300 of the California Welfare and Institutions Code and who fall into one of the following two subcategories:

1.  "Existing Class Member(s)" means any Persons (1) who were declared dependent on a juvenile court under Section 300 of the California Welfare and Institutions Code on or before October 15, 2019; (2) who (i) filed an SIJ petition with USCIS after turning 18 years old but prior to their 21st birthday, between January 1, 2017 and October 15, 2019, or (ii) were between 18 years old and 21 years old and eligible to file an SIJ petition between January 1, 2017 and October 15, 2019 but did not file an SIJ petition because of the Reunification-Authority Requirement; and (3) whose SIJ petitions have not been approved as of the Effective Date of this Agreement.

2.  "Future Class Member(s)" means any Persons (1) who have been or will be declared dependent on a juvenile court under Section 300 of the California Welfare and Institutions Code; (2) who, after turning 18 years old but prior to their 21st birthday, filed or will file their SIJ petitions after October 15, 2019; and (3) who receive denials of their SIJ petitions on the grounds that the state court did not have jurisdiction or authority to reunify them with their parents. For the avoidance of doubt, no such denials should occur under the terms of this Agreement.[2]

---

[2] This class definition reflects the same core group of individuals for whom Plaintiffs sought relief at the time of the filing of Plaintiffs' Complaint, but better captures the precise subgroups for which Plaintiffs have negotiated for relief with Defendants.  (*See* Complaint, ECF No. 1 at 22 ("Plaintiffs seek to represent the following class: California children who have been declared dependent on a

1    Because the Settlement Agreement "(1) appears to be the product of serious, informed, non-

2    collusive negotiations; (2) has no obvious deficiencies; (3) does not grant improper preferential

3    treatment to class representatives or other segments of the class; and (4) falls within the range of

4    possible approval," preliminary approval of the Settlement Agreement is warranted.  *See Bisaccia v.*

5    *Revel Sys. Inc.,* No. 17-CV-02533-HSG, 2019 WL 861425, at *6 (N.D. Cal. Feb. 22, 2019) (citing *In*

6    *re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007)).   The agreement

7    negotiated by the parties will significantly benefit the Class and achieves the main objective of the

8    lawsuit: relief from the Reunification-Authority Requirement.  The parties request that the Court enter

9    an order granting Preliminary Approval of the Settlement Agreement.  *See* Fell Decl.

10   **II.**   **SUMMARY OF THE CASE**

11        **A.**   **Facts Alleged by Plaintiffs**

12        Special Immigrant Juvenile protection ("SIJ") is intended to allow certain abused, abandoned,

13   and neglected children[3] under the age of 21 to lawfully remain in the United States.  SIJ can provide

14   a path to legal permanent residency or even citizenship and offers other potential benefits such as

15   access to state and federally funded benefits.  *See* 8 U.S.C. §§ 1232(d)(4)(A), 1153(b)(4), 1255(h),

16   1427.  To be eligible for SIJ, one must be an unmarried child under the age of 21 and have had a state

17   juvenile court issue SIJ findings on their behalf by: (1) declaring them a dependent of the court or

18   placing them in the custody of a state agency or an individual such as a guardian (such as being placed

19   in foster care); (2) determining that reunification with one or both of their parents is not viable due to

20   abuse, abandonment, neglect, or a similar basis under state law; and (3) determining that it is not in

21   their best interest to return to their home country.  *See* 8 U.S.C. §§ 1101(b)(1), 1101(a)(27)(J) ("SIJ

22   Statute"), 1232(d)(6).

23

24

25   juvenile court under Section 300 of the California Welfare and Institutions Code and who have
     received or will receive denials of their SIJS petitions – either explicitly or by a failure to adjudicate
26   as required by law – on the grounds that the state court cannot reunify them with their parents.")

27   [3] "Child" is defined by the Immigration and Nationality Act as a person under 21 years of age.  *See* 8
     U.S.C. § 1101(b)(1) (defining a child, in part, as an unmarried individual under the age of 21).

28

1    The role of making SIJ findings belongs to state "juvenile courts" because they are best

2    equipped to make custody and child welfare decisions.  *See* 8 U.S.C. § 1101(a)(27)(J); *see also* 8

3    C.F.R. § 204.11(c)(3)-(6).  The SIJ statute confers fact-finding authority on these state courts when

4    applying state law, and USCIS must defer to those findings in considering an SIJ petitioner's

5    eligibility.  *See* 8 U.S.C. §§ 1101(b)(1), 1101(a)(27)(J).  California juvenile courts—which include the

6    juvenile, probate, and family divisions of the Superior Court—have the authority "to make judicial

7    determinations regarding the custody and care of children within the meaning of the federal

8    Immigration and Nationality Act (8 U.S.C. Sec. 1101 et seq. and 8 C.F.R. Sec. 204.11)."  Cal. Civ.

9    Proc. Code § 155(a)(1).

10    In support of their claims, Plaintiffs alleged that in early 2018, Defendants adopted an unlawful

11    policy without notice that imposed a new requirement on SIJ petitions; that the Reunification-

12    Authority Requirement (as defined below) violates the law; that the conclusion based on the

13    Reunification-Authority Requirement that the California Juvenile Court lacks the jurisdiction and

14    authority to issue SIJ findings when declaring an immigrant child dependent on the juvenile court

15    under Section 300 of the California Welfare and Institutions Code violates the law; and that the new

16    requirement would disqualify the Named Plaintiffs and the Class they propose to represent from

17    receiving approval of their SIJ petitions.  Defendants deny these allegations.

18    **B.    Summary of the Proceedings**

19    Plaintiffs filed this action on September 27, 2019, and shortly thereafter, filed a motion for

20    preliminary injunction.  *See* Class Action Complaint, ECF No. 1; Mot. for Prelim. Inj., ECF No. 10.

21    In the motion for preliminary injunction, Plaintiffs requested that during the pendency of the action

22    USCIS be enjoined from (1) denying SIJ petitions based on the reunification authority requirement;

23    and (2) initiating removal proceedings against or removing SIJ petitioners who have been declared

24    dependent on a juvenile court under Section 300 of the California Welfare and Institutions Code and

25    whose SIJ petition has been denied based on the unlawful requirement.  Mot. for Prelim. Inj. at 25,

26    ECF No. 10.  Plaintiffs also requested that the Court order Defendants to provide no less than 14 days'

27    notice to Plaintiffs before taking adverse adjudicatory or enforcement action against Plaintiffs or the

28

-4-

Proposed Class. *Id.* On May 1, 2020, the Court granted Plaintiffs' request for a preliminary injunction. *A.O.*, 457 F. Supp. 3d at 796.

Shortly thereafter, the Court ordered the parties to engage in alternative dispute resolution before Magistrate Judge Ryu. *See* Case Management Order at 2, ECF No. 70; Second Settlement Conference Referral Order, ECF No. 72. While settlement discussions were ongoing, Plaintiffs filed a motion for class certification, which was fully briefed as of December 28, 2020. *See* Mot. for Class Cert., ECF No. 105; Opp. to Mot. for Class Cert., ECF No. 121; Reply in Support of Mot. for Class Cert., ECF No. 123.

Following continued settlement negotiations, the Court issued a Request for Status (ECF No. 129) and the parties submitted a Joint Status Report (ECF No. 130) in response on April 30, 2021, requesting continuance of the hearing on the class certification motions, as the Parties were close to reaching agreement. The Court granted the Parties' request and ordered the Parties to appear for a hearing or status conference on June 8, 2021 (*see* ECF No. 131).

On June 4, 2021, the parties notified the court via a Joint Status Report (ECF No. 132) that the negotiating parties had reached an agreement and were awaiting final approval from agency leadership. On June 7, 2021, the Court ordered the parties to file a stipulation of dismissal by July 20, 2021 or otherwise file a statement in response to the Order by July 20, 2021 regarding the parties' efforts to finalize the settlement and an explanation or whether additional time is needed to settle the case. Order to Show Cause re Settlement, ECF No. 133.

On July 20, 2021, the parties informed the court that they had completed all documentation related to the settlement on July 1, 2021, but were still awaiting final agency approval. *See* ECF No. 135. Defendants requested that the Court continue the order to show cause hearing until August 20, 2021, or a date thereafter convenient to the court. *Id.* On July 20, 2021, the Court granted Defendants' motion and continued the order to show cause hearing to August 24, 2021. *See* ECF No. 136.

On August 13, 2021, the Defendants received final agency approval of the settlement agreement negotiated by the parties.

1

**III.   SUMMARY OF THE SETTLEMENT AGREEMENT**

2

    **A.   Non-Monetary Relief**

3

       Through the Settlement Agreement, Class Counsel successfully negotiated for the non-

4

monetary relief that Plaintiffs sought on behalf of the proposed class at the filing of this action: an end

5

to the Reunification-Authority Requirement for individuals declared dependent on a juvenile court

6

under Section 300 of the California Welfare and Institutions Code.  Defendants have agreed that they

7

will not impose or apply the Reunification-Authority Requirement when adjudicating SIJ petitions,

8

will not reinstate the Reunification-Authority Requirement for SIJ petitioners who have a court order

9

from a California juvenile court, and will not apply the Reunification-Authority Requirement to SIJ

10

petitions supported by court orders issued pursuant to jurisdiction under California Welfare and

11

Institutions Code §§ 300 and 303.

12

       Moreover, Defendants agree and will take the position when adjudicating SIJ petitions that:

13

(1) pursuant to California Civil Procedure Code § 155 and California Welfare and Institutions Code §

14

303, the Juvenile Division of the California Superior Court (the "Juvenile Court") is a "juvenile court"

15

for the purpose of making custodial placements and/or legal commitments; issuing findings regarding

16

whether abandonment, abuse, neglect, or a similar basis under state law renders reunification between

17

a Person under the age of 21 and his or her parent not viable; and issuing findings regarding best

18

interests pursuant to California law, as required under the SIJ statute and the SIJ regulation;

19

(2) pursuant to California Welfare and Institutions Code §§ 300 and 303, a California Juvenile Court

20

has the jurisdiction and the authority to retain jurisdiction over a ward or a dependent child of the

21

Juvenile Court until the ward or dependent child attains 21 years of age and issue findings, as required

22

under the SIJ statute and the SIJ regulation; and (3) a Person is not disqualified from being designated

23

a SIJ provided that: 1) state law confers upon a state court the jurisdiction to declare the Person

24

dependent, legally commit the Person to an individual or entity, or place the Person under the custody

25

of an individual or entity regardless of age; and 2) the Person is unmarried and under the age of 21

26

when he or she petitions to be a SIJ.

27

28

JOINT MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT AND
APPROVAL OF NOTICE TO CLASS OF SETTLEMENT

Defendants have agreed to adjudicate SIJ petitions of Existing Class Members on the Notification List or Existing Class Members identified to Defendants pursuant to Section IV.E of the Settlement Agreement in accordance with the SIJ Statute, the Settlement Agreement, and the following adjudicatory timeline:

- Defendants will reopen and readjudicate any SIJ petitions that were previously revoked or denied on the basis of the Reunification-Authority Requirement within 45 days of the Effective Date of the Settlement Agreement or within 45 days of Plaintiffs notifying Defendants of an Existing Class Member pursuant to Section IV.E. of the Settlement Agreement.

- Defendants will adjudicate pending SIJ petitions on the Notification List or pending SIJ petitions of Existing Class Members identified to Defendants pursuant to Section IV.E of the Settlement Agreement within 45 days of the Effective Date.

Additionally, USCIS will accept a petition filed before the expiration of 90 days after the Effective Date from any Existing Class Member who (i) turned 21 years old after February 26, 2018 but before October 15, 2019; (ii) who obtained a SIJ findings order prior to their 21st birthday, which was entered between January 1, 2017 and October 15, 2019 and which was based on the California court's continuing jurisdiction under Sections 300 and 303; and (iii) who did not file the SIJ petition prior to their 21st birthday because they believed the petition would be denied based on the Reunification-Authority Requirement.  Such SIJ petition will not be denied based on the fact that the petitioner turned 21 years of age on or after February 26, 2018.

Defendants have also agreed to the following terms. First, for any Class Member who already received an RFE, NOID, NOIR, denial, or revocation of their SIJ petition, USCIS shall not issue a new RFE or NOID for any grounds not previously raised in the earlier RFE, NOID, NOIR, denial, or revocation. This provision does not preclude USCIS from issuing RFEs, NOIDs, denials, or revocations based on new grounds that did not exist at the time the earlier RFE, NOID, denial, or revocation was issued.  The foregoing provision does not limit USCIS's ability to issue RFEs, NOIDs, NOIR, denials, or revocations based on changes to factual circumstances, which occurred after the

date of the previously issued RFE, NOID, NOIR, denial, or revocation in accordance with the terms of this Agreement.

Second, USCIS has identified three Class Members, G.N.G., J.L.O.T., and Y.S.P.R who received RFEs or NOIDs more than 180 days after they filed their SIJ petitions, and whose SIJ petitions were subsequently denied. USCIS has reviewed the SIJ petitions filed by G.N.G., J.L.O.T., and Y.S.P.R and will *sua sponte* re-open and approve their SIJ petitions within 45 days of the Effective Date of this Agreement. USCIS shall send all relevant notices to the Class Members' mailing addresses as they appear in USCIS's database as of the date of the approval, and to the addresses of the Class Members' attorneys of record as listed on Form G-28, Notice of Appearance of Attorney or Accredited Representative. USCIS shall also provide Class Counsel a copy of the approval notices via email to CASIJClassAction@milbank.com.

Third, SIJ Petitions of Class Members who have been issued RFEs, NOIDs, denials, NOIRs, or revocations solely based on the Reunification-Authority Requirement will be adjudicated in accordance with the terms of the Settlement Agreement and will be favorably adjudicated if otherwise approvable.

Fourth, USCIS will not issue any general RFEs asking that a Class Member affirmatively identify any change in circumstance that is not evidenced in a separate immigrant petition post-dating receipt of the Class Member's SIJ petition or otherwise indicated in information available to USCIS. Any change that post-dates the previous RFE, NOID, NOIR, denial, or revocation (whether or not published in USCIS's Policy Manual or in any publication or document provided to USCIS adjudicators) in SIJ policy, legal guidance, regulation, or regulatory interpretation, that would make any Class Members ineligible for approval of his or her SIJ petition specifically based on the SIJ Petitioner's age, shall not apply to Class Members.[4]

Fifth, for denials issued because a Class Member failed to respond to an RFE, NOID, or NOIR wherein the RFE, NOID or NOIR was based in part or in whole on the Reunification-Authority

---

[4] For any Class Member who has not already received an RFE, NOID, NOIR, or denial of their SIJ petition, USCIS may issue an RFE or NOID in accordance with the law and this Agreement. USCIS will list all grounds for issuance in the one RFE, NOID, or NOIR.

Requirement, USCIS will reopen and readjudicate the petition, and will provide the Class Member the opportunity to overcome any other evidentiary deficiencies.

Sixth, for Existing Class Members facing removal, ICE shall join, or, alternatively, shall not oppose, any Existing Class Member's Motion to Reopen Removal Proceedings where the Existing Class Member has an approved SIJ Petition and received a final order of removal before his or her SIJ Petition was approved, except as otherwise indicated in the Agreement. The Existing Class Member must file his or her Motion to Reopen Removal Proceedings within one year of the Effective Date of the Agreement and must cite to the Agreement in his or her Motion.  Should the Existing Class Member prefer to simultaneously file a Motion to Reopen Removal Proceedings and a Motion to Terminate Removal Proceedings Without Prejudice, where the immigration proceedings are terminated without prejudice, ICE shall join, or, alternatively, shall not oppose the motions.  In such a case, the Existing Class Member must have an approved SIJ Petition and have received a final order of removal before his or her SIJ Petition was approved, except as otherwise indicated in the agreement. The Existing Class Member must file his or her Motion to Reopen Removal Proceedings and a Motion to Terminate Removal Proceedings Without Prejudice within one year of the Effective Date of the Agreement and must cite to the Agreement in his or her Motion.  ICE retains discretion to oppose an Existing Class Member's Motion to Reopen Removal Proceedings and/or Motion to Reopen and Terminate Removal Proceedings Without Prejudice in certain circumstances as set forth in Section V.O.1-3 of the Agreement, and Defendants will provide Class Counsel with 14 days' notice of ICE's intent to oppose a motion in such circumstances.

Seventh, USCIS shall not issue a Notice to Appear to any Class Member until USCIS has adjudicated their I-360 in accordance with the Settlement Agreement.

Eighth, USCIS shall promptly reopen all Applications to Register Permanent Residence or Adjust Status (I-485s) and Applications for Employment Authorization (I-765s) based on the I-485 applications that were denied at least in part because of the Reunification-Authority Requirement in conjunction with the denial of SIJ petitions for all Existing Class Members in accordance with this Settlement, the SIJ Statute, and the Immigration and Nationality Act.  USCIS shall, within 45 days of

1  any approval of the Existing Class Members' I-360, reopen all Applications to Register Permanent

2  Residence or Adjust Status (I-485s) and/or Applications for Employment Authorization (I-765s)

3  associated with the underlying approved I-360 petition as set forth in the Settlement Agreement.

4  **B.    Release of All Claims Against Defendants**

5  Upon the Effective Date of the Settlement Agreement, Plaintiffs and Class Members will

6  release Defendants from the Settled Claims, which are defined in part as follows: all claims for relief

7  that were brought on behalf of Class Members based on the facts and circumstances alleged in the

8  Complaint (ECF No. 1), including but not limited to claims for declaratory or injunctive relief based

9  on allegations that USCIS imposed the Reunification-Authority Requirement for SIJ, which was

10  contrary to state and federal law, violated the Administrative Procedure Act, INA, and/or the Due

11  Process Clause of the Fifth Amendment to the U.S. Constitution.

12  The Release will not apply to claims that arise or accrue after the termination of the Settlement

13  Agreement.[5]  Nothing in the Settlement Agreement should be construed as establishing any right or

14  interest in challenging an adverse SIJ petition adjudication, or any other DHS or USCIS action,

15  decision, determination, order, form, instruction, training material, delay, or process or procedure,

16  beyond those expressly provided in the Settlement Agreement or under law.  However, nothing in the

17  Settlement Agreement should be construed as affecting any Class Members' right or interest in

18  challenging the adjudication of his or her individual I-360, I-485, I-765 or challenging any related

19  removal order. Individual Class Members will expressly maintain the right to challenge the

20  adjudication of such petitions and orders.

21  **C.    Other Provisions**

22  In addition to the foregoing, the Settlement Agreement also contains the following provisions:

23  1.    **"Notice of Compliance" Reports**

24  Defendants shall provide the Court and Class Counsel with a Notice of Compliance Report 55

25  days after the Effective Date of the Settlement Agreement.  Only in the event that Defendants have

26  ―――――――――――――――――

27  [5] The obligation not to reinstate the Reunification-Authority Requirement for individuals declared
dependent on a juvenile court under Section 300 of the California Welfare and Institutions Code as

28  set forth in Sections III.B-D will not terminate.  *See* Settlement Agreement § VIII.A.

-10-

not completed the adjudication deadlines outlined in Section V, Defendants will provide the Court and Class Counsel with Notice of Compliance Reports every 55 days after the last Notice until Defendants have completed adjudicating all of the Class Members' I-360 petitions in accordance with this Agreement.

The Notice of Compliance Reports will identify all actions taken by Defendants to comply with the following terms of this Settlement Agreement:

- The number of adjudicated SIJ petitions of individuals on the Notification List, including the number of approvals, denials, outstanding RFEs, NOIDs, NOIRs, or revocations based on the status of each petition at the end of the 45-day reporting period;

- The number of adjudicated SIJ petitions of individuals on the Notification List for each identified and agreed upon timeframe above, including the number of approvals, denials, outstanding RFEs, NOIDs, NOIRs, or revocations based on the status of each petition at the end of the 45-day reporting period;

- The reason for any non-compliance with said timeframes; and

- A statement from USCIS that it has not applied the Reunification-Authority Requirement to any SIJ petitions since the return of the executed Settlement Agreement.

The Notice of Compliance Report shall include the following information for Existing Class Members identified by Plaintiffs under Section IV.E. of this Agreement: total number identified; applicable deadline timeframe for adjudication per the Agreement; beginning and endpoint of said allotted adjudication time frame; number of approvals, denials, outstanding RFEs, NOIDs, NOIRs, or revocations; date of adjudication.

Plaintiffs, through Class Counsel, shall meet and confer with Defendants regarding the Notice of Compliance Report, submit a response to any Compliance Report within five (5) business days of service, and allow Defendants five (5) business days to respond to any concerns Plaintiffs raise in their

response. If the Parties are unable to resolve any issues related to the Compliance Report thereafter, either party may request a hearing with the Court.

Defendants will promptly notify Class Counsel of any known violation of the Settlement Agreement.

### 2. Attorneys' Fees, Costs, and Expenses

The Parties have agreed to the amount of $245,782.50 for fees plus costs and expenses, pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d) and 5 U.S.C. § 504 *et seq*. The Parties have also agreed that counsel for Plaintiffs will contract with a third-party notice administrator to complete the class-notice mailing. Defendants agree to reimburse Plaintiffs for the notice administrator's class-notice-mailing service, for which the class administrator has provided a fixed-amount cost.

## IV. THE SETTLEMENT SATISFIES THE REQUIREMENTS FOR PRELIMINARY APPROVAL.

### A. Legal Standard for Preliminary Approval

The Ninth Circuit has "a 'strong judicial policy' in favor of settlement of 'complex class action litigation.'" *Adkins v. Facebook, Inc.*, No. C 18-05982 WHA, 2020 WL 6710086, at *1 (N.D. Cal. Nov. 15, 2020) (citing *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992)). When a class action settlement results from "arms-length, non-collusive, negotiated resolution[,]" the Ninth Circuit has found settlement to be proper. *Rodriguez v. West Publishing*, 563 F.3d 948, 965 (9th Cir. 2009). To reach final settlement, after obtaining preliminary approval, the parties must then provide notice to the class and then the Court grants final approval. *See Nat'l Rural Telecomms. Coop. v. DirecTV, Inc.*, 221 F.R.D. 523, 525 (C.D. Cal. 2004).

Preliminary approval of a class action settlement is appropriate "if the proposed settlement: (1) appears to be the product of serious, informed, non-collusive negotiations; (2) has no obvious deficiencies; (3) does not grant improper preferential treatment to class representatives or other segments of the class; and (4) falls within the range of possible approval." *Bisaccia,* No. 2019 WL 861425, at *6. In evaluating whether the preliminary approval of a settlement is fair, courts consider

1    "whether it is within the range of reasonableness." *Ma v. Covidien Holding, Inc.*, No. SACV 12-

2    02161-DOC, 2014 WL 360196, at *4 (C.D. Cal. Jan. 31, 2014) (internal quotation and citation

3    omitted).  Further, "[t]he Court's role in evaluating the proposed settlement must be limited to the

4    extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or

5    overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a

6    whole, is fair, reasonable, and adequate to all concerned." *Id*. (internal quotation and citation omitted).

7    **B.    The Settlement Agreement Satisfies the Standard for Preliminary Approval.**

8    As detailed below, the Settlement Agreement (1) is the product of serious, informed, non-

9    collusive negotiations; (2) has no obvious deficiencies; (3) does not improperly grant preferential

10   treatment to class representatives or segments of the Class; and (4) falls within the range of possible

11   approval. *Bisaccia,* No. 2019 WL 861425, at *6.  It therefore merits preliminary approval.

12   1.    **The Settlement Agreement is the product of serious, informed, non-**

13   **collusive, and good-faith negotiations.**

14   In a class action settlement, a presumption of correctness applies when a settlement is reached

15   after arm's-length negotiations between experienced, capable counsel after meaningful discovery.  *See*

16   *In re Toys R Us*, 295 F.R.D. 438, 449-50 (C.D. Cal. 2014). Courts also consider the participation of a

17   third-party neutral, such as Magistrate Judge Ryu, as a factor with respect to determining that a

18   settlement was non-collusive.  *See In re Bluetooth Headset Products Liab. Litig*., 654 F.3d 935, 948

19   (9th Cir. 2011).

20   This Settlement Agreement is the result of more than 21 months of litigation, the exchange of

21   some discovery, including the Class List and the administrative record, several arms'-length settlement

22   conferences with Magistrate Judge Ryu, and months of direct negotiation between counsel for the

23   parties under the periodic guidance of Magistrate Judge Ryu.  The most recent round of negotiations,

24   resulting in this Settlement Agreement, began in July 2020.  The negotiation process involved video

25   conferences between Plaintiffs, Defendants, and Magistrate Judge Ryu, multiple phone calls between

26   the Parties, sometimes with Judge Ryu, as well as various email exchanges.

1    **2.    The Settlement Agreement has no obvious deficiencies**

2    The Settlement Agreement contains no obvious deficiencies.  Not only does the Settlement

3    Agreement secure the relief that Plaintiffs sought from the inception of this litigation – assurance that

4    the Reunification-Authority Requirement will not be applied to SIJ Petitioners like Plaintiffs and that

5    Class Members' petitions will be adjudicated timely and in accordance with the SIJ Statute and the

6    Settlement Agreement – it also provides additional relief, including that certain individuals who did

7    not file their SIJ petition prior to turning 21 years old because they believed the petition would be

8    denied based on the Reunification-Authority Requirement may file a SIJ Petition despite now being

9    over 21 years of age.  The Settlement Agreement also clearly sets forth the procedure for adjudication

10   of Class Members' petitions and ensures Class Members' petitions will not be inappropriately denied.

11   Plaintiffs' position is that they have a strong likelihood of succeeding at trial, in part due to the

12   Court ordering the Preliminary Injunction, but they also recognize that Defendants have intensely

13   litigated this case and would continue to do so leading up to a trial and after at the appellate stage, if

14   needed.  Plaintiffs recognize that any litigation comes with risk, however, and the Settlement

15   Agreement ensures that Class Members receive the sought-after relief without concern that such relief

16   could become more narrowly tailored.  Moreover, the Settlement Agreement avoids significant further

17   expenditure of governmental resources and strikes a balance between protection for Class Members

18   along with DHS's concerns.

19   **1.    The Settlement Agreement does not improperly grant preferential**

20   **treatment to the Named Plaintiffs or Segments of the Class.**

21   The Settlement Agreement will benefit all Class Members and does not grant Named Plaintiffs

22   any improper preferential treatment.  Indeed, Named Plaintiffs' SIJ petitions were already adjudicated

23   during the course of this litigation, but Named Plaintiffs continued to vigorously litigate and negotiate

24   relief for the rest of the Class.  The schedule and procedure set forth in the Settlement Agreement

25   assures relief for all Class Members, regardless of whether they are at different adjudication stages of

26   their SIJ petitions.

27

28

2.    **The Settlement Agreement Falls Within the Range of Possible Approval.**

The Settlement Agreement falls within the range of possible approval.  The non-monetary declaratory relief will benefit all Class Members. Class Members will benefit from the commitments of USCIS set forth in the Settlement Agreement while retaining individual rights to challenge the adjudication of their SIJ petitions.

C.    **The Settlement Agreement and Notice Plan Satisfy Rule 23.**

Under Rule 23, a class settlement notice must be "the best notice practicable" given the circumstances and is satisfactory "if it generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard." *The C.R. Educ. & Enf't Ctr. v. RLJ Lodging Tr.*, No. 15-CV-0224-YGR, 2016 WL 314400, at *11 (N.D. Cal. Jan. 25, 2016) (internal citation and quotation marks omitted).

The proposed Class Notice here clearly sets forth the relevant terms of the Settlement Agreement, providing specific information as to what criteria a person must meet to be a member of the Class and also lists Class Members' rights and options in the settlement, including their ability to object to the Settlement Agreement.  Not only does the Class Notice provide detailed information regarding the Settlement Agreement, but also offers alternative ways to view information pertaining to the Settlement Agreement online.

The notice plan set forth in the Settlement Agreement also satisfies Rule 23.  No later than five business days after Preliminary Approval, Plaintiffs will post the Class Notice (in English and Spanish), including a copy of the Settlement Agreement and will also directly contact individuals on the Notification List, through their counsel, by email to their counsel, attaching a copy of the Class Notice (in English and Spanish) and the Settlement Agreement.  Plaintiffs will also distribute the Class Notice (in English and Spanish), including a copy of the Settlement Agreement, on relevant email/listserv mailing lists for direct service providers.

USCIS will also post the Class Notice (in English and Spanish), including a copy of the Settlement Agreement, on USCIS's website on the "Legal Resources, Legal Settlement Notices" and the "Special Immigrant Juveniles" sections.  Finally, USCIS's Office of Public Affairs shall email the

JOINT MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT AND
APPROVAL OF NOTICE TO CLASS OF SETTLEMENT

Class Notice (in English and Spanish), including a copy of the Settlement Agreement, to its approximately 47,000 subscribed users.

Within five days of obtaining Final Approval, the Parties shall confirm Final Approval by providing an Updated Class Notice (in English and Spanish), to the same websites and distribution lists as set forth above, and shall also provide the Updated Class Notice (in English and Spanish) to a third-party class administration service for mailing to each of the individuals on the Notification List's last known address, and, if represented by an attorney, to their attorney's addresses.   Further, Defendants will post and make available the Updated Class Notice in the following U.S. Immigration and Customs Enforcement ("ICE") Detention Centers in California: Adelanto ICE Processing Center; Mesa Verde ICE Processing Facility; Imperial Regional Detention Facility; Otay Mesa Detention Center; and Yuba County Jail, for 180 days after the Effective Date of this Agreement.

## V.    PROPOSED SCHEDULE AND FINAL APPROVAL HEARING

The parties propose the following schedule for the period leading up to the Fairness Hearing, at which the court will consider whether to grant final approval of the Settlement Agreement, beginning with the entry of an Order granting Preliminary Approval of the Settlement Agreement.

| DATE | EVENT |
|---|---|
| Day 1 | Entry of Preliminary Approval Order |
| Day 6 | Class Notice distributed by the Parties |
| Day 41 | Last day for Class Members to object to the Settlement Agreement |
| [] days before Fairness Hearing | Last day for any Party to file papers in further support of Final Approval of Settlement Agreement, including responses and objections |
| _____, 2021 | Fairness Hearing Concerning Final Approval of Settlement Agreement |

The parties respectfully request that the Court vacate all other case management dates, including the status report due on August 17, 2021, and the Order to Show Cause Hearing on August 24, 2021.

## VI.    CONCLUSION

For the foregoing reasons, the Parties respectfully request that the Court: (i) grant Preliminary Approval to the executed Settlement Agreement; (ii) approve the proposed schedule concerning

notice, objection, and certain filing deadlines, and (iii) set a hearing for Final Approval of the Settlement Agreement.

Dated: August 17, 2021                                   Respectfully submitted,

                                                        By: _/s/ Katherine Kelly Fell_____

                                                        *Attorneys for Plaintiffs*

                                                        **MILBANK LLP**
                                                        THOMAS R. KRELLER
                                                        LINDA DAKIN-GRIMM
                                                        ANDREW B. LICHTENBERG
                                                        KATHERINE KELLY FELL
                                                        ASHLEY A. SATTERLEE

                                                        **SOUTHWESTERN LAW SCHOOL**
                                                        ANDREA RAMOS


                                                        *Attorneys for Defendants*

                                                        STEPHANIE M. HINDS
                                                        United States Attorney

                                                        /s/ James A. Scharf_____
                                                        JAMES A. SCHARF
                                                        Assistant United States Attorney

                                                        /s/ Elizabeth R. Veit_____
                                                        ELIZABETH R. VEIT
                                                        Trial Attorney
                                                        United States Department of Justice
                                                        Office of Immigration Litigation

1

### FILER'S ATTESTATION

2
      Pursuant to Civil Local Rule 5-1(i)(3), regarding signatures, Katherine Kelly Fell hereby

3
attests that concurrence in the filing of this document has been obtained from all the signatories

4
above.

5

6
Dated: August 17, 2021                 By: _/s/ Katherine Kelly Fell_____

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT AND
APPROVAL OF NOTICE TO CLASS OF SETTLEMENT